## ROBERTS v. RUH.

On appeal from an order denying a new trial, where the refusal to direct 'a verdict is properly assigned as error, it may be determined as a matter of law whether there was any evidence to be submitted to the jury, although the ruling on the motion for a new trial be not reviewable, because no assignment of error was predicated thereon.

A verdict may be directed only where there is a total absence of evidence upon some essential issue, or where there is no conflict, and. the evidence is susceptible of but one construction.

(Opinion filed, February 5, 1908.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge,

Action by J. E. Roberts against Charles F. Ruh. Judgment for defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

*Byron Abbott,* for appellant. *Robert D. Gardner,* for respondent.

FULLER, J. At the trial of this action to recover a small balance alleged to be due plaintiff on account of the sale and delivery of certain farm implements and repairs, the jury returned a verdict in favor of the defendant on all the issues, and judgment was accordingly entered. While this appeal is from an order denying plaintiff's motion for a new trial, no assignment of error is predicated thereon, and the only question presented for consideration is the refusal of the court to direct a verdict in favor of plaintiff at the conclusion of all the evidence. While the ruling on the motion for a new trial is not reviewable without an assignment of error presenting the matter on appeal, the refusal to direct a verdict is properly assigned and urged for a reversal, and it may be determined as a matter of law whether there was any evidence to be submitted to the jury. Jones Lumber & Mer. Co. v. Faris, 5 S. D. 348, 58 N. W. 813; Sioux Banking Co. v. Kendall, 6 S. D. 543, 62 N. W. 377; Carroll v. Nesbit, 9 S. D. 497, 70 N. W. 634.

The request for a directed verdict in the sum of $20.62 on an alleged claim of more than twice that amount, which plaintiff testified was due and sought to recover suggests a partial failure

of proof, and the record discloses a conflict in the evidence as to every item of indebtedness involved in the action. Plaintiff was an interested witness, and his uncorroborated testimony was based upon a book containing irregular entries of the account which was apparently kept at haphazard, and the conflict was such that different impartial minds might reasonably draw different conclusions as to the crediability of the different witnesses, and the force and effect of all the evidence. Under these circumstances and upon such a record, it was the duty of the court to submit the case to the jury. "A trial court will direct a verdict only when there is a total absence of evidence upon some essential issue, or where there is no conflict, and the evidence is susceptible of but one construction." Haugen v. Chicago, M. & St. P. Ry Co., 3 S. D. 394, 53 N. W. 769; Consolidated L. & I. Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; McKeever v. Homestake Mining Co., 10 S. D. 599, 74 N. W. 1053; Kielbach v. Chicago, M. & St. P. Ry., 13 S. D. 629, 84 N. W. 192; Borneman v. Chicago St. P., M. & O., Ry. Co., 19 S. D. 459, 104 N. W. 208.

The jury being justified in its conclusion from all the evidence that plaintiff's account was fully paid by the defendant before the commencement of the action, the motion to direct a verdict was very properly overruled, and the judgment of the trial court is affirmed.