## WOLF v. SNEVE et al.

Rev. Code Civ. Proc. § 302, provides that, when notice of application for a new trial is made on the grounds set forth in section 301, subds. 6, 7, is must be made either on a bill of exceptions, statement of the case, or the·minutes of the court. **Held,** that where a motion for a new trial was made on such grounds, and there was neither a bill of exceptions nor a statement of the case, and the notice failed to specify the particulars in which the evidence was claimed to be insufficient, or the particular errors of law which would be relied on, as required by Rev. Code Civ. Proc. § 303, subd. 4, the motion was properly denied.

Where the only matters that could be questioned on a proper record on appeal from the judgment and from an order denying a new trial are the sufficiency of the pleadings to support the judgment and

the sufficiency of the findings to support the conclusions and judgment, but there is no claim but that the pleadings are sufficient, and no error assigned on the overruling of the motion for a new trial, there is nothing left for consideration, and the judgment and order must be affirmed.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Custer County. Hon. LEVI McGEE, Judge.

Mandamus by Joshua J. Wolf, whose interest is held now and owned by Fred H. Rugg, receiver of Hulst & Price, against Albertine Sneve and others, constituting the School Board of Spring Creek School District, No. 14, of Custer County. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Chauncey L. Wood,* for appellants. *Fred. H. Whitfield,* for respondent.

WHITING, J. This is a mandamus proceeding, brought in the circuit court by plaintiff and respondent against defendants and appellants. Upon the application filed in such circuit court, an alternative writ was issued, to which a return was made, answering the said writ and denying the grounds for the relief. To this return a reply was made. Upon the issues so joined the matter was tried to the court without a jury. The court made findings and conclusions favorable to the respondents, and judgment was entered in accordance therewith. Appellants moved the trial court for a new trial, which motion was objected to, and the trial court denied the same. The cause is now before this court upon appeal from such judgment and order denying a new trial.

A dispute arises between the appellants' abstract and the additional abstract of respondent as to what evidence was received upon the trial, and the respondent calls attention to the fact that no bill of exceptions or statement of the case was ever settled herein. The notice of intention to move for a new trial specifies as the grounds thereof those stated in subdivisions 1, 3, 6, and 7, § 301, Rev. Code Civ. Proc., and such notice of intention states that it "will be made and based upon the record pleadings and proceedings herein, including all affidavits and exhibits used as

and constituting the evidence in the case." The grounds mentioned in said subdivisions 1 and 3 are abandoned on appeal. There was nothing further in such notice to show whether the same would be based upon a bill of exceptions, statement of the case, or minutes of the court. The motion for a new trial was afterwards presented to the trial court, attached to which motion were 11 assignments of error; such assignments all going in effect to the one question of the sufficiency of the evidence to sustain the findings and conclusions of the trial court. Respondents resisted such motion for new trial, and objected to the hearing of the same, for the reasons that there was no bill of exceptions or statement of the case, that said motion was not based on any bill of exceptions, statement of the case, or minutes of the court, and that the notice of intention to move for a new trial did not contain any specifications of the errors complained of, nor a reference to the evidence or record. The court sustained the objection, and denied the motion for a new trial.

The only assignments of errors found in the abstract on appeal were those attached to the motion for new trial, and there is no statement in such abstract stating which, if any, of these assignments will be relied upon on this appeal. From the above it will be seen that there is no assignment of error complaining of the order refusing a new trial. The above being the condition we find this cause in upon appeal, it is clear that the lower court must be affirmed, and it needs no citation other than to the statutes to show the grounds of such affirmance. Section 302, Rev. Code Civ. Proc., provides that, when the notice of application for new trial is made on the grounds set forth in subdivisions 6 and 7 of section 301, it must be made either upon a bill of exceptions, statement of the case, or minutes of the court. In the case at bar there was neither a bill of exceptions nor statement of the case ever settled. Subdivision 4, § 303, Rev. Code Civ. Proc., specifically provides that when these grounds are relied upon, and the motion is to be made upon the minutes of the court, in that case the notice of intention must specify the particulars in which the evidence is alleged to be insufficient and the particular errors of law which the parties will rely upon. It will be seen that this

notice was entirely lacking in that feature, and the trial court was bound to deny the motion for new trial.

The only matters then, that could be questioned in this court, upon a proper record, would be the sufficiency of the pleadings to support the judgment and the sufficiency of the findings to support the conclusions and judgment; but inasmuch as there is no claim but what the pleadings are sufficient, and no error has been assigned upon the overruling of the motion for new trial, there is nothing left for the consideration of this court.

For the reasons above stated, the judgment of the lower court, and order denying a new trial are affirmed.