HAZEN, Respondent, v. THOMPSON, Appellant.

(146 N. W. 1070.)

**Appeal—Error—Review—Findings—Motion for New Trial—Assignment of Error—Brief.**

Where there is no assignment of error that the trial court erred in denying the motion for new trial, the Supreme Court will not consider the sufficiency of the evidence to sustain findings or verdict.

(Opinion filed April 27, 1914.    Rehearing pending.)

Appeal from Circuit Court, Turner County.    Hon. ROBERT B. TRIPP, Judge.

Action by Arthur V. Hazen against K. Thompson, for foreclosure of a mortgage of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*C. B. Kennedy,* for Appellant.

Appellant's statement of the case shows that the specifications of error on which the motion for new trial were presented were identical with those assignments of error on appeal, so that the identical errors which were presented in the motion for a new trial are assigned as errors on appeal and there can be no doubt but that they are sufficient. The record shows that the motion for a new trial was overruled and exceptions were taken concerning every error assigned, also overruled, and everyone of these errors are assigned as errors in this court, and are sufficient.

*Bogue & Bogue,* for Respondent.

No assignment of error is claimed, in the trial court overruling appellant's motion for a new trial; hence, there is nothing before the Supreme Court for review. Rule No. 5 of the 1913 Rules of the Supreme Court.

In the absence of an assignment of errors, the Supreme Court is not required to review the proceedings of the court below, and its duty in such a case is to affirm the judgment of the circuit court. Williams Bros. Lumber Co. v. Kelly, (S. D.) 122 N. W. 646.

GATES, J. This cause was tried by the court without a jury. The findings of fact and conclusions of law were in favor of the plaintiff, and judgment was entered accordingly. A notice of intention to move for a new trial was given. Defendant specified eight certain errors upon which the motion for a new trial would be based. These alleged errors were all predicated upon the insufficiency of the evidence to sustain the findings. The motion for a new trial was denied. From the judgment and order denying a new trial, defendant appealed.

In his brief upon appeal, appellant adopts the specifications of error used upon the motion for a new trial as his assignment of errors upon appeal. The action of the trial court, however, in denying a new trial is not assigned as error. Respondent in his brief filed on October 17, 1913, called the attention of counsel for appellant to this defect. Such counsel did not ask leave to amend his brief but ignored the descisions of this court hereinafter cited and insisted in his reply brief that his assignment of errors was sufficient.

It has been consistently held by this court, beginning with the early days of statehood, that where there is no assignment that the trial court erred in denying the motion for a new trial this court is precluded from considering the sufficiency of the evidence to sustain the findings or verdict. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Barnard & Leas Mfg. Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Carroll v. Nisbet, 9 S. D. 497, 70 N. W. 634; Wolf v. Sneve, 23 S. D. 260, 121 N. W. 781; Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646; Whaley v. Vidal, 26 S. D. 300, 128 N. W. 331; rule 5 of this court (140 N. W. viii).

There being nothing else in the record for us to review, the judgment and order appealed from are affirmed.