SWEENEY, Respondent, v. HEWETT, Sheriff, et al., Appellants.

(148 N. W. 503.)

1.  **Appeal—Error—Brief—Statement of Facts—Respondent Brief's Denial—Sufficiency—Court Rule.**

      Where appellant's brief apparently contains all material evidence, and states that it does contain same, respondent cannot, by mere denial that the brief contains such evidence, preclude Supreme Court from considering sufficiency of evidence, but must comply with Court Rule 7 (140 N. W. ix), requiring respondent who deems appellant's statement as to evidence unfair, to insert in his brief the necessary additional statement.

2.  **Appeal—Error—Record—Assignments of Error—Reference to Specifications in Settled Record—Printing of Specifications of Error, of Particulars—New Trial, Record.**

      Under Supreme Court Rule 5 (140 N. W. viii), requiring, in assignments of error, a reference to corresponding specification of error and where found in settled record, held, it is unneccessary, when sufficiency of evidence is involved, to print in appellant's brief specifications of error used on motion for new trial, or specifications of particulars, or to reprint them in assignments of error; but the printed record must somewhere show that there was a specification of error appropriate thereto reciting particulars wherein evidence is insufficient.

3.  **Appeal—Error—Brief—Assignment of Error—Reference to Numbered Specification—To Pages, Sufficiency.**

      Under Supreme Court Rule 5 (140 N. W. viii), requiring that each assignment of error shall refer by number to corresponding specification of error, and shall state page of settled record where specification is found, held, that assignments of error referring only to those pages of record containing proceedings at time when the alleged error occurred, but not to any specifications in that record, are insufficient, though the settled record did contain them.

**4. Appeal—Error—Brief—Necessity of Reference to Assignments of Error.**

While it is good practice and matter of convenience to the Court and counsel to identify, in the brief, the points argued with the assignments of error, yet, **held**, that a brief will not be disregarded because not containing such references, there being nothing in the rule of court requiring such identification.

**5. Appeal—Error—Review—Harmless Error.**

A party cannot complain of an error in computation of amount due his adversary, where the error was in his own favor.

Smith, P. J., and McCoy, J., not sitting.

(Opinion filed July 25, 1914. Rehearing denied September 16, 1914.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Thomas Sweeney against Tom Hewett, as Sheriff of Pennington County, and another, to cancel a judgment entered against plaintiff, and to enjoin enforcement of an execution thereunder. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment and order reversed.

*Frank D. Bangs,* for Appellants.

*Buell, Gardner & Denu,* for Respondent.

GATES, J.   The defendant corporation had judgment against plaintiff in the United States Circuit Court, in December, 1891. In July, 1893, this plaintiff assigned to E. W. Martin, as trustee for said judgment creditor, a certain mechanic's lien against the property of the Dakota, Wyoming & Missouri River Railroad Company as collateral security for said judgment. The notice of such mechanic's lien was filed in the Clerk's office, in February, 1893, the amount of such lien being $1491.72. Other property was also assigned as collateral security. Suit was brought upon said judgment in the circuit court within and for Pennington County, and judgment rendered thereon in said court in January, 1902. It is agreed that there was due on said judgment $2598.04 on November 15, 1902. On February 27, 1903, the said E. W. Martin, trustee, assigned said mechanic's lien to Chas. D. Crouch, Trustee, for the sum of $300.00. This plaintiff also assigned said lien to said Crouch as trustee, on July 1, 1903. On June 12, 1911 the defendant corporation caused an execution to be issued on said judgment and a levy was made upon certain property of this plaintiff. Thereupon this action was brought by plaintiff to cancel said

judgment and for an injunction against the enforcement of said execution. A special issue was submitted to the jury as to what amount was due the defendant corporation on said judgment. A verdict was returned finding the sum of $30.30 due thereon. The trial court adopted such verdict and made findings of fact and conclusions of law to the effect that, by assigning said lien to the said Chas. D. Crouch, Trustee, the defendant corporation had converted and appropriated said mechanic's lien and, therefore, that this plaintiff was entitled to credit upon the said judgment for the full amount due upon the lien, instead of the sum of $300.00 received by the defendant corporation as a consideration for such assignment. From this judgment and the order denying a new trial, the defendants appeal.

[1] Respondent specifically denies that the statement of facts printed by appellant contains all of the material evidence received at the trial, and, therefore, objects to the consideration by this court of the sufficiency of the evidence to sustain the findings of fact. Rule 7 of this court provides:

"If the respondent shall deem the statement of the contents of the settled record as contained in appellant's brief to be imperfect or unfair, he may insert in his brief such further or additional statement as he shall deem necessary to a full understanding of the questions presented to this court for decision."

When appellant's brief apparently contains a statement of all of the material evidence and is accompanied by the required statement that it does contain all of such material evidence, then the remedy of respondent is not a denial of the correctness of such statement but his remedy is by a compliance with the above quoted portion of rule 7. If, however, appellant's brief shows upon its face that the statement that it contains all of such material evidence is untrue, then the respondent may take adventage thereof without complying with the above quoted portion of rule 7, or the court, of its own motion, will disregard the alleged error based upon the insufficiency of the evidence. In view of the above, respondent's denial is not well taken in this instance.

[2-3] Respondent also objects to our consideration of the sufficiency of the evidence to sustain the findings of fact for the reason that the motion for a new trial, as shown by the printed record, wholly fails to point out wherein the testimony is insufficient. It is

not necessary that the specifications of error used upon the motion for a new trial and the specification of particulars wherein the evidence was insufficient be printed in the brief and then that the same matter be reprinted in the assignments of error; but it is essential, when the question of sufficiency of the evidence is raised on the motion for a new trial and upon appeal, that the printed record shall show *somewhere* that there was a specification of error appropriate thereto reciting the particulars wherein the evidence is claimed to be insufficient. Rule 5 provides:

"Each assignment of error—except one assigning as error the denying of a new trial—shall clearly refer by number to the corresponding specification of error and shall also state the page of the settled record where such specification is to be found."

In the present case, the printed record contains a copy of the motion for a new trial, but contains no mention anywhere that specifications of error were filed or that a specification of particulars wherein the evidence was insufficient to sustain the findings was filed. Each of the first twelve assignments of error makes reference to a page, or pages, of the settled record, but an examination of that record discloses that those pages contain the record of the proceedings at the time when the alleged error occurred at the trial, but contain no reference at all to any specification of error contained in the settled record, although we find that the settled record does contain the required specifications. This clearly violates the above quoted portion of rule 5. However, in view of the recent changes in the practice of settling records, and, in view of the fact that appellants' brief was filed in this court prior to the publication in Northwestern Reporter of the opinion in Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923, and in furtherance of what appears to us to be justice, we have concluded to disregard respondent's objections.

[4] Respondent also objects generally to the consideration of appellant's brief, upon the ground that the argument of appellants makes no reference to any assignment of error upon which the points argued purport to be based. While it is good practice and a matter of convenience to the court and counsel to identify the points argued with the assignments of error, there is nothing in

the rules that requires it. In this case, we are satisfied that the points argued' cover only matters which are assigned as error.

It is urged by appellants that the assignment of the mechanic's lien by Martin, Trustee, was made pursuant to the consent of this plaintiff and with full knowledge, on his part, that the defendant corporation only received and was only to receive the sum of $300.00 therefor. This contention is supported by the testimony of Crouch and Martin and by letters of the plaintiff. The oral testimony of plaintiff, given at the trial, disputes this proposition. From a careful study of the evidence, which we do not deem it necessary to reproduce, we are of the opinion that the contention of the appellants is correct. This is a case similar to that of Kennedy v. First State Bank, 34 S. D. —, 149 N. W. 168, decided at this term, wherein the written words of the plaintiff must prevail over his oral testimony: Stevens v. Trask, 18 N. Y. Supp. 117; Geier v. Howells, 47 Colo. 345, 107 Pac. 255, 27 L. R. A. (N. S.) 786; 2 R. C. L. Sec. 167. The evidence was wholly insufficient to sustain the findings of fact that the defendant corporation converted and appropriated the said mechanic's lien. The clear preponderance of the evidence was the other way.

[5] A computation of interest on the admitted amount of the judgment, viz: $2598.04, on November 15, 1902, reveals the fact that more than $300.00 must have been credited upon the judgment subsequent to that date, because the execution only calls for $2598.-04, with interest from July 29, 1907. Plaintiff has not shown himself to be entitled to any credit upon the judgment other than the $300.00. The amount due on the judgment specified in the execution is not prejudicial to the plaintiff in this case. If any error in computation has been made, it is in his favor, so far as the evidence shows.

The judgment and order denying a new trial are reversed.

SMITH, P. J., and McCOY, J., not sitting.