WILLIAMSON, Respondent, v. VOEDISCH JEWELRY COMPANY, Appellant.

(152 N. W. 508)

(File No. 3682.    Opinion filed May 10, 1915.    Rehearing denied June 19, 1915.)

1. **Appeal—Error in Law on Trial—Record—Specifications of Error, Not Considered on Motion for New Trial, Availability of on Appeal from Judgment.**

Specifications of error concerning admission of evidence, although not stated on motion for new trial, may be considered on appeal from a judgment involving error on the trial, either in connection with, or without a motion for a new trial.

2. **Evidence—Copies of Letters, Foundation for Admission of—Stamping and Mailing Originals, Necessity of Showing.**

In a suit to recover price of printed advertising matter, held, that copies of letters, which, when considered with other letters in evidence, are very material under the issues, and which copies appear to constitute part of a connected correspondence, the full import and probative effect of which can only be fairly deduced in connection with the whole correspondence, were erroneously admitted, as against the objection that the originals were not addressed, stamped, or deposited in the United States post-office.

3. **Appeal—Review—Evidence—Presumption of Disregard of Incompetent Evidence, When Does Not Apply.**

The presumption that, upon a trial to the court, incompetent testimony was disregarded and that the court based its findings only on competent evidence, does not apply where such evidence is of such character as that, without it, the probative force of the competent evidence might be so impaired as to make doubtful whether the court could or would have reached the same conclusion if the incompetent evidence had been excluded, where it is apparent that the incompetent evidence was, in part at least, the basis of the findings, or was controlling.

Appeal from Municipal Court of Aberdeen.    Hon. GEORGE W. CRANE, Judge.

Action by G. N. Williamson against the Voedisch Jewelry Company, to recover for the value of advertising service. From a judgment for plaintiff, defendant appeals. Reversed.

*Campbell, Walton, McNulty & Campbell, and L. T. Van Slyke,* for Appellant.

*Williamson & Williamson,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Jones

Lumber & Mercantile Co. v. Faris, 5 S. D. 349; Baskerville v. Thomas, 143 N. W. 371.

(2) Under point two of the opinion, Appellant cited: Fountain City Drill Company v. Lindquist, 114 N. W. 1098 (S. D.).

SMITH, J. Plaintiff brought an action in the municipal court of the city of Aberdeen, Brown county, alleging that on the 10th day of May, 1913, defendant gave an order to Edward C. Plume Company, a corporation of Chicago, Ill. for an advertising service, consisting of 12,000 Panama Canal folders, and agreed to pay therefor, when furnished by said company, the sum of $180; that on September 29, 1913, said company furnished and delivered to defendant folders according to said order; that on the 5th day of December the Edward C. Plume Company, for value received, sold, assigned, and transferred to the plaintiff its claim and demand for said $180. Defendant, in addition to a general denial, specifically denies that it ever executed an order to said company on the 10th day of May, 1913, as alleged.

The cause was tried by the court without a jury. Findings of fact, conclusions of law, and judgment were for the plaintiff. This appeal is from the judgment and from an order overruling defendant's motion for a new trial.

At the trial plaintiff offered in evidence various copies of letters identified by one of its witnesses, purporting to have been written by the Edward C. Plume Company to the defendant, together with certain letters purporting to have been written by the defendant to the Edward C. Plume Company, relating to the transaction in suit. Among the copies of letters were letters dated July 25, 1913, August 20, 1913, September 4, 1913, October 18, 1913, all of which were objected to as incompetent and immaterial, self-serving declarations, and because no proper foundation had been laid. There was no evidence that the original letters had ever been properly inclosed, addressed, stamped, or deposited in a United States post office. Objections were overruled, and these rulings are assigned as error.

[1] Counsel for respondent urge that the assignments of error upon these rulings should not be considered, for the reason that the specifications of error upon which they are founded were not among the specification of error upon which the motion for a new trial was based, and therefore were not presented to the

trial court for review. Appellant made a motion for new trial upon the minutes of the court. In the notice of intention to move for new trial were specified the alleged errors which it was intended to rely upon as the grounds of such motion. After said motion was denied, appellant settled the record pursuant to chapter 178, Laws 1913, therein specifying alleged errors not set forth in the notice of intention to move for new trial. It is admitted that the assignments now urged refer to these other specifications of error contained in the settled record. It may be conceded that these assignments could not be considered if the errors were sought to be reviewed upon an appeal from the order overruling the motion for a new trial. Such is the rule in Sweeny v. Hewett, 34 S. D. 302, 148 N. W. 503, which is relied upon by respondent. But this court has also held that, upon an appeal from the judgment, errors of law occurring at the trial, and duly excepted to, when presented by a proper bill of exceptions, or statement of the case, may be reviewed, although no motion for a new trial was made in the court below, and that an error of law in admitting or rejecting evidence is subject to review on appeal from the judgment, without a motion for a new trial. Jones Lumber & Mercantile Co. v. Faris, 5 S. D. 349, 58 N. W. 813; Miller v. Way, 5 S. D. 468, 59 N. W. 467. In Roberts v. Ruh, 22 S. D. 13, 114 N. W. 1097, it was held that, while the ruling on the motion for a new trial was not reviewable for the lack of an assignment of error, yet the refusal to direct a verdict excepted to, and properly assigned and urged for reversal, presented a question of law reviewable in this court. In Baskerville v. Thomas, 32 S. D. 432, 142 N. W. 371, it was held that the purpose of that provision of the law which requires specifications of errors to be attached to the transcript is to inform the opposite party of the particular matters relied upon as error, so that he may see to it that the settled record covers all matters material to the specifications filed.

However wise and expedient it might be to require appellant to present to the trial court for review, upon a motion for a new trial, every error alleged to have been committed by the trial court, before permitting an appeal to this court, we find nothing in the statute which requires it to be done, and rulings upon the

admission or rejection of evidence may therefore be reviewed, either in connection with, or without, a motion for a new trial.

[2] The objections should have been sustained. The matter in these purported letters, when taken in connection with other letters in evidence, was very material upon the issues made by the pleadings. These copies appear to constitute a part of a connected correspondence, the full import and probative effect of which can only be fairly deduced when the whole correspondence is taken together.

[3] We are not unmindful of the rule many times announced by this court that, upon a trial to the court, the presumption is that the court disregarded incompetent evidence and based its findings only upon the competent evidence in the case. But this rule has no application where the incompetent evidence is of such character as that without it the whole probative force of the competent evidence might be so impaired as to leave it doubtful whether the trial court could or would have reached the same conclusion, if the incompetent evidence had been excluded. In other words, if we are persuaded that the trial court must have based its findings, in part at least, upon the incompetent evidence, or that the incompetent evidence was in itself the vital and controlling evidence, we cannot presume that it was disregarded. The purported copies of letters improperly received in evidence constitute a large and important part of the correspondence between the Edward C. Plume Company and the defendant, relating to the transaction in suit, and this correspondence, taken as a whole, was undoubtedly the evidence decisive of the issues in the trial court.

We are convinced that the erroneous rulings upon this evidence must have been and were prejudicial, and that the order and judgment of the trial court should be reversed.

McCOY, J., took no part in this decision.