ANDERSON, Respondent, v. STANDARD ACCIDENT IN-
   SURANCE COMPANY OF DETROIT, MICH., Appellant.

## (155 N. W. 1.)

(File No. 3795.   Opinion filed December 1, 1915.)

1. **Appeals—Review—Assignment of Error—General Assignment as to Evidence, Insufficiency.**

   An assignment of error "in making Findings of Fact and Conclusions of Law in favor of plaintiff on all the issues" presents no question for review.

2. **Same—"Ordering Judgment," Insufficient Assignment.**

   That the Court erred "in ordering judgment in favor of plaintiff and against defendant," is an assignment of error presenting no question for review.

3. **Assignment of Error—Imperfect Record of Evidence—Assignment as to Findings on Insufficient Evidence—No Specification in Settled Record—Assignment as to New Trial Wanting.**

   That the Court erred "in making findings and conclusions and entering judgment thereon in favor of plaintiff, for the reason that the evidence does not support such findings and judgment, in the following particulars," followed by specifications, is an insufficient assignment of error, because (1) the record fails to show all material trial evidence, or (2) that any specification of error was in settled record before trial Court on motion for new trial, and (3) because there is no assignment of error involving motion for new trial.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Action by E. G. Anderson, against the Standard Accident Insurance Company of Detroit, Michigan, upon an insurance policy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*George H. Fletcher,* for Appellant.

*Williamson & Williamson,* for Respondent.

(3) To point three of the opinion, Respondent cited:

Hazen v. Thompson (S. D.) 146 N. W. 1070; Sorg v. Wells (S. D.) 144 N. W. 918; Smith et al. v. Pense and Pier (S. D.) 146 N. W. 709.

SMITH, J.  [1, 2] Action on an insurance policy. Trial to the court. Findings of fact, conclusions of law, and judgment for plaintiff. This appeal is from the judgment and an order overruling appellant's motion for a new trial. Respondent in his brief filed April 17, 1915, at the outset contends that the record presents no question for review by this court. There are three purported assignments of error in the record:

"First. The court erred in making findings of fact and conclusions of law in favor of plaintiff upon all the issues.

"Second. The court erred in ordering judgment in favor of the plaintiff and against the defendant.

"Third. The court erred in making findings and conclusions and entering judgment thereon in favor of the plaintiff, for the reason that the evidence does not support said findings and judgment, in the following particulars."

[3-5] Appellant then specifies four particulars in which the evidence is alleged to be insufficient. The first two assignments present no questions for review. The third assignment is wholly insufficient, for several reasons: First, the record itself fails to show that it contains all of the material evidence submitted at the trial (Smith v. Pence, 33 S. D. 516, 146 N. W. 709; Weller v. Platt, 33 S. D. 509, 146 N. W. 705; Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133; Sweeney v. Hewett, 34 S. D. 302, 148 N. W. 503); second, the record fails to show that there was any specification of error in or attached to the settled record before the trial court upon the motion for a new trial, containing recitals of particulars wherein the evidence was claimed to be insufficient

(Sweeney v. Hewett, supra); third, there is no assignment that the court erred in denying the motion for a new trial (Hazen v. Thompson, 33 S. D. 646, 146 N. W. 1070). The record on appeal is wholly insufficient to present any question for review because of the lack of proper assignments of error. Sorg v. Wells, 33 S. D. 142, 144 N. W. 918.

The order and judgment of the trial court are affirmed.