HEPNER, Appellant, v. WHEATLEY, Respondent.

(159 N. W. 135.)

(File No. 3950. Opinion filed September 19, 1916. Rehearing denied November 29, 1916.)

1. **Trials—New Trial—Question of Fact—Directing Verdict—Determining What Testimony Was True.**

Where, in determining the sufficiency of evidence to sustain the verdict, the question presented was the weight to be given testimony offered by a witness when such testimony was conflicting, **held**, that the mere fact that the trial judge might believe that justice would require him to set aside a verdict and grant a new trial if a verdict were found for plaintiff, does not necessarily justify a direction of verdict for defendant, and the trial court could not rightfully take from the jury the determinatiin of what testimony was true.

2. **Frauds—Statute of—Promise to Pay Debt of Another—Question for Jury.**

In a suit to recover for goods furnished to defendant's over evidence **held**, to make defendant's original promise to pay for them a question for the jury.

McCoy, J., concurring in the result only.

Polley, P. J., dissenting.

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by John S. Hepner, against Grant Wheatley, to recover for goods furnished by plaintiff to defendant's son. From a judgment for defendant on directed verdict, and from an order denying a new trial, plaintiff appeals. Judgment and order reversed.

*E. H. Wilson,* for Appellant.

*Caldwell & Baldwin,* for Respondent.

(1) To point one of the opinion, Appellant cited: Sprick Brothers Investment Company v. Whipple, 33 S. D. 287.

Respondent cited: Royer v. Shultz Belting Co., 29 Fed. 281; Dryden v. Britton, 19 Wis. 22.

WHITING, J. There have been two trials of this cause in the circuit court. Upon the first trial there was judgment for plaintiff. An appeal was taken to this court. The merits of such appeal were determined in the opinion in Hepner v. Wheatley, 34 S. D. 338, 148 N. W. 594. Reference is made to such

opinion for a statement of the nature of the case and the questions involved upon such appeal. It will be found that such former judgment was reversed and a new trial granted. Upon the second trial the court directed a verdict for defendant, and this appeal is from the judgment rendered thereon and from an order denying a new trial.

An examination of our former opinion discloses that we therein called attention to those matters or particulars in which the evidence received on the former trial was insufficient to support a verdict for plaintiff. It is very apparent that upon the trial from which the present appeal is taken the plaintiff and his son, who was his main witness, undertook to supply the proof that was lacking upon such former trial. That they in a degree were successful is conceded by the respondent, as he states:

"Certain testimony may be found * * * which, if standing alone, might have required the submission of this case to the jury."

Respondent also concedes the rule of law to be:

"If there was any competent testimony in the record, sufficient to sustain a verdict for the plaintiff, the defendant's motion for a directed verdict should not have been granted."

But he contends that there was no competent testimony sufficient to sustain a verdict for plaintiff; that to test the sufficiency of the evidence to sustain the verdict the evidence must be considered as a whole, and that when so considered the evidence offered by plaintiff establishes, if any contract, one to answer for the debt, default, or miscarriage of another, and which contract would be void because not in writing. The real contention of respondent is that, although there is evidence, particularly some of the testimony of William Hepner, which, if standing alone, would support a finding that defendant made an original promise to pay for the goods furnished, yet the testimony of the plaintiff's witnesses, including William Hepner, was so contradictory and conflicting, and their explanation of their testimony upon the former trial so unsatisfactory as to render the new testimony introduced upon the second trial impossible of belief. Respondent contends that:

"The plaintiff's testimony must be considered as a whole, the damaging statements along with the favorable statements, together

with all reasonable inferences that may be drawn from such testimony. If, when the testimony is so considered, the court is of opinion that a verdict for the plaintiff could not be sustained, then the order directing a verdict for the defendant was proper. And the decision of the trial court upon this question should not be disturbed unless the trial court is clearly in error."

[1, 2] The situation in this case was not like that in Kennedy v. State Bank of Wall, 34 S. D. 457, 149 N. W. 168, or Sweeney v. Hewett, 34 S. D. 302, 148 N. W. 503, where the written words of witnesses were held to have destroyed the probative force of the sworn testimony of the same witnesses, but simply a case where the question presented was the weight to be given to testimony offered by a witness when such testimony was conflicting. To determine what statements made by such witness were entitled to credence was the peculiar province of the jury. The mere fact that the trial court might believe that justice would require him to set aside the verdict and grant a new trial if a verdict were found in favor of plaintiff does not necessarily justify a direction of verdict for defendant. There is a well recognized distinction between what will warrant a court in taking a case from a jury and what will justify a court in granting a new trial. Drew v. Lawrence, decided at this term. Improbable as some of the statements of plaintiff and his son were; inconsistent as many of these statemetns were; though we believe the jury would have been justified in finding that the necessary evidence to supply what was missing upon the former trial was largely if not wholly fabricated—yet the trial court could not rightfully take from the jury the determination of what testimony was true. Certainly we cannot agree with the claim that the material statements made by plaintiff's witnesses are impossible of belief, when we find that, in spite of a direction to find for the defendant, the jury, before finally obeying such instruction, brought in four separate verdicts for the plaintiff. It is evident that the jury believed the statements made by plaintiff's witnesses.

The judgment and order appealed from are reversed.

McCOY, J., concurs in the result only. POLLEY, P. J., dissents.