FOSS et al, Appellants, v. LARSON HARDWARE COMPANY, Respondents.

(212 N. W. 213.)

(File No. 5697.   Opinion filed February 10, 1927.)

1. **Appeal and Error—Assignments of Error Must Appear as Such to Supreme Court, Not as Specifications of Error on Motion for New Trial (Supreme Court Rule 4).**

   Assignments of error must appear to be assignments to Supreme Court, not specifications of error presented to trial court on motion for new trial, in view of Supreme Court rule 4, errors occurring in trial generally not being reviewable until they are first called to attention of trial court on motion for new trial.

2. **Appeal and Error—Assignments of Error, Not Based on Specifications on Motion for New Trial, Authorize Review Only of Questions Reviewable on Appeal from Judgment Alone.**

   Reviewing court will not consider questions not raised by specifications of error on motion for new trial, except such as may be reviewed on appeal from judgment alone.

3. **Appeal and Error—Good Practice Requires Assignments of Errors to Follow Language of Specifications.**

   It is good practice to have assignments of error follow language of specifications on motion for new trial.

4. **Appeal and Error—Assignment that Evidence Was Insufficient to Support Verdict, Without Specifying Wherein It Was Insufficient, Held to Present Nothing for Review.**

   Assignment of error that evidence is insufficient to support verdict held to present nothing for review, there being no indication as to wherein evidence was insufficient.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 722(1), 3 C. J. Sec. 1496 (Anno.); **(2)** Appeal and error, Key-No. 301, 3 C. J. Sec. 863; **(3)** Appeal and error, Key-No. 722(1), 3 C. J. Sec. 1504; **(4)** Appeal and error, Key-No. 731(5), 3 C. J. Sec. 1522.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action for conversion by Henry Foss and another against the Larson Hardware Company and others.   From a judgment for defendants and an order denying their motion for new trial, plaintiffs appeal.   Affirmed.

*Berdahl & Hyland,* of Sioux Falls, for Appellants.
*Davis, Lyon & Bradford,* of Sioux Falls, for Respondents.

BURCH, J. Defendant Larson Hardware Company, owner of a building and certain restaurant fixtures therein, leased the building and sold the fixtures to one Weitlauf, and took a chattel mortgage on such fixtures to secure the rent. The fixtures were subsequently sold and traded to various owners and came into the possession of plaintiffs in the summer of 1923. For default in payment of the rent for August and September of 1923, the mortgage was foreclosed and the fixtures sold by the sheriff to the mortgagee, Larson Hardware Company, for the amount of rent due, about $118. Plaintiffs, claiming illegality in the foreclosure proceeding, brought this action for conversion of the chattels. At the close of the trial, the court directed a verdict for defendant. A motion for a new trial was made and denied, and this appeal is from the judgment and order denying a new trial.

[1] There is a question of practice that should be first noticed. Respondent points out that there are no assignments of error. There are none unless the following may be so termed. In the brief, under the heading of "Specifications of Errors and Insufficiency of the Evidence," appears:

"The plaintiffs say the trial court erred to their prejudice in the above-entitled action, as follows:

"(1)  In directing a verdict for defendants, plaintiffs having made out a prima facie case. It became a jury question.

            "Insufficiency of Evidence.

"The evidence is insufficient to support the verdict. The plaintiffs made out a prima facie case, and the question of damages was a question for the jury."

This appears in the brief where specifications of error, if set out, would properly appear, and it is not clear whether the foregoing was the specification of error presented to the trial court on motion for a new trial, or intended as an assignment in this court. Rule 4 of the Supreme Court rules requires:

"Only those errors upon which an appellant relies upon appeal shall be presented to this court. They shall be presented in assignments of error printed in that portion of his brief devoted to the argument. * * * Every assignment of error, which, from the

nature of the appeal, must have been preceded by and be based upon a specifications of error in a settled record, shall clearly refer to such specification by its number as well as by the page or pages of the settled record where such specification is to be found. The specifications of error contained in the settled record need not be set forth in appellant's brief except when he is appealing from an order granting a new trial.

"When appellant relies upon an assignment to the effect that the evidence is insufficient to support a verdict, finding, or decision, he shall cause it to affirmatively appear that his brief contains a statement of all the material evidence upon the trial."

It does not appear that this rule has been followed in the arrangement or designation of assignments of error. The rule is necessary and proper, and counsel should bear in mind, when taking an appeal, that errors occurring in the trial of a case are generally not reviewable in this court until they are first called to the attention of the trial court in a motion for a new trial. Such errors are pointed out to the trial court in what are known as specifications of error, which are attached to the settled record used in presenting the motion for a new trial. In the event of an adverse ruling, such errors may be reviewed by this court, under assignments of error.

[2, 3] While the rule does not require the assignments to follow the language of the specifications, it is good practice, since this court will not consider questions not raised by the specifications, except such as may be reviewed on an appeal from the judgment alone. Therefore the safest and best practice is to make an assignment of error in the language of the corresponding specification, with an affirmative statement that it is the same, giving the number of the specification and the page of the settled record where it may be found, so that it may be referred to if need arise, and omit from the brief the text of the specifications.

Hoping that the foregoing statement of the necessity and reason for the rule will suffice in the future, we will treat the so-called "specifications of errors" in this case as an assignment of error and dispose of this appeal upon its merits.

[4] Appellant does not assign as error the overruling of his motion for a new trial. The foregoing is the only assignment, and it presents nothing for review because it no where points

out wherein the evidence is insufficient. An examination of the evidence shows no substantial conflict. From the argument of counsel, it is apparent that appellant is not satisfied with the court's view of the law under the admitted facts which resulted in a directed verdict. This is not before us, and for that reason we will not discuss the legal questions. We have examined the questions, however, and are satisfied the lower court was right in its decision.

The judgment and order appealed from are affirmed.