FULLER, Respondent, v. ANDERSON, et al, Appellants.

(223 N. W. 717.)

(File No. 6314.   Opinion filed February 21, 1929.)

*Kelley & Luby* and *Null & Royhl,* all of Huron, for Appellants.

*Bruell & Henderson,* of Redfield, for Respondent.

CAMPBELL, J. The facts involved in this appeal are fully set out in the opinion this day filed in the case of Fuller v. James Murphy Harms Supply Company, a corporation, and the Hitchcock State Bank, 54 S. D. —, 223 N. W. 713, to which reference is hereby made.

The situation here, however, differs from case No. 6315, in that one of the defendants in this action is L. O. Anderson, as administrator of the estate of James Murphy, deceased. In this action a judgment may be, and in fact was, rendered against such administrator. In this action the plaintiff, who was a party, was permitted to testify as to transactions with, and statements by, the defendant administrator's intestate. This, in our opinion, was clearly erroneous under the provisions of subdivision 2, § 2717, Rev. Code 1919. Also four others were permitted to testify to like transactions with, and statements by, defendant's intestate, namely, the witnesses Payne, Miller, Hofemann, and S. C. Warfield. None of these last-named witnesses were parties to the present proceeding, but each of them, excepting Miller, had similar actions pending wherein they were plaintiffs, and the name of each of them, including Miller, was indorsed with the name of the plaintiff on the back of the promissory note upon which plaintiff sought by this action to avoid liability. In this state of affairs appellant contends that the witnesses Miller, Hofemann, Payne, and S. C. Warfield, and each of them, are precluded from testifying, as they were permitted to testify in this case, by that clause of the statute

which excludes such testimony when sought to be given by "any person who has or ever had any interest in the subject of the action adverse to the other party, or to a testator or intestate." Respondent, on the other hand, contends that this clause of the statute should not be so construed as to bar the testimony of these witnesses.

At this juncture we may well pause to consider just what is before the court. This is an appeal from the judgment only, although there is a settled record here, and upon such an appeal we cannot consider the sufficiency of the evidence, but we are limited to the consideration of whether or not the court by its rulings as to admission of evidence committed prejudicial error. In the case of Williamson v. Voedisch Jewelry Co., 35 S. D. 390, 152 N. W. 508, this court, with a settled record before it, but upon appeal from a judgment only, reversed the case because of error committed by the improper admission of evidence. In so doing, however, the court said:

"We are not unmindful of the rule many times announced by this court that, upon a trial to the court, the presumption is that the court disregarded incompetent evidence and based its findings only upon the competent evidence in the case. But this rule has no application where the incompetent evidence is of such a character as that without it the whole probative force of the competent evidence might be so impaired as to leave it doubtful whether the trial court could or would have reached the same conclusion, if the incompetent evidence had been excluded. In other words, if we are persuaded that the trial court must have based its findings, in part at least, upon the incompetent evidence, or that the incompetent evidence was in itself the vital and controlling evidence, we cannot presume that it was disregarded. The purported copies of letters improperly received in evidence constitute a large and important part of the correspondence between the Edward C. Plume Company and the defendant, relating to the transaction in suit, and this correspondence, taken as a whole, was undoubtedly the evidence decisive of the issues in the trial court."

In the case at bar, one Roy Warfield, a son of the witness S. C. Warfield, gave testimony practically the same, in substance, as that given by the plaintiff and the other witnesses above named with reference to the transaction at the time of signing the note in

question and with reference to the statements then made by appellant administrator's intestate. Supplemental briefs were permitted to be filed in this case after oral argument because of certain unusual circumstances. Appellant first filed a supplemental brief, respondent then filed a supplemental brief in answer, and thereafter appellant filed a supplemental reply brief. With reference to the witness Roy Warfield, appellant says in his supplemental brief that "witness was a minor son of one of the signers * * * and because of his tender years would have no clear idea of any negotiations that took place," to which respondent in his supplemental brief rejoins that Roy Warfield "was as tall as his father, wore a beard, and did not give any evidence of immaturity. On the other hand we might add that he is a young man of about thirty years of age." Both of these portions above quoted from the supplemental briefs are entirely outside the record, and it is probably for that reason that appellant in his supplemental reply brief does not seek to carry the controversy further nor deign to notice or comment upon the portion of respondent's supplemental brief last above quoted. The record does not show the age of Roy Warfield beyond such inferences as may be drawn from the fact that he is the son of S. C. Warfield who was 62 years of age, that he drove an automobile to town that night and was about town during the evening until a late hour, and that he lived on the farm with his father and had farmed all his life. The record shows no question being raised as to his competentcy to testify by reason of immaturity or anything of that sort, and we think no such presumption would be justified here.

The testimony of the witness Roy Warfield is alone sufficient, we think, to support the findings of the learned trial judge in this case, not to mention numerous matters brought out by defendants' cross-examination of several of plaintiff's witnesses. We must bear in mind also that the trial court was listening at the same time to evidence in four other cases where the testimony of this plaintiff and of the witnesses Miller, Payne, Hofemann, and S. C. Warfield, as to transactions with, and statements by, James Murphy, deceased, was admitted, and was entirely competent as we have held in the opinion in case No. 6315 (54 S. D. 492, 223 N. W. 713) this day filed, and the testimony of plaintiff and these witnesses in those four cases was believed by the learned trial judge as evidenced by his findings.

Under such circumstances, for this court to assume that, if the learned trial judge had been of the opinion, as a matter of law, that the testimony in question was inadmissible in this case because an administrator is party thereto, and if in this case he had disregarded the testimony of such witnesses that he would likely have reached a different result, and to assume that he might not have considered the testimony of the witness Roy Warfield and the testimony of these witnesses upon cross-examination of sufficient probative force to make the findings that he did make is pressing a fiction too far, and is repugnant to common sense. The witness Roy Warfield was not a party to this suit, nor was he in anywise a party upon the note involved. The nearest possible connection he could have with this case is that he was a son of one of the witnesses who testified in this case and who had a similar action pending in his own behalf. It is perfectly plain that the testimony of Roy Warfield was admissible, and, in view of his testimony and of defendants' cross-examination of several of the witnesses, we are entirely unable to believe that there is any reasonable ground for thinking that the findings of the learned trial judge might probably have been different from what they are if he had ruled favorably to appellant on every objection made by appellant with reference to the testimony of the witnesses Miller, Payne, Hofemann, and S. C. Warfield.

It therefore becomes unnecessary to decide whether the admission of such testimony in this case was or was not erroneous. If erroneous, we are convinced that under the somewhat unusual circumstances of this case it constituted error without prejudice.

It follows that the judgment appealed from must be and it is affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.