FIRST NATIONAL BANK OF ST. LAWRENCE, Appellant, v. WOLLMAN, et al, Respondents.

(225 N. W. 713.)

(File No. 6405. Opinion filed June 4, 1929.)

See, also, 51 S. D. 257, 213 N. W. 15.

*Harlan J. Bushfield,* of Miller, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent Feeney.

FULLER, C. Prior to the events of this controversy, the defendant and respondent Feeney held a promissory note payable to himself on March 1, 1925, in the sum of $750. He had written his signature on the back of the note in unqualified indorsement thereof, and had placed the same in the hands of a bank at Harrold. The note was secured by a second mortgage on lands in Sully county. On February 14, 1921, Feeney entered into a contract with one Dehart for the exchange of properties. As a part of the transaction Dehart was to convey to Feeney certain property in the city of Huron and Feeney was to assign, to Dehart, the above-mentioned mortgage securing the payment of $750. Dehart, being indebted to the plaintiff bank, had, previously, given the bank a deed to his Huron property as security for his debt. To complete the transaction for exchange between Dehart and Feeney, it was necessary to procure a release from plaintiff bank of its deed held as security against the Huron property of Dehart. It was arranged that the bank, in lieu of the Dehart security, should receive the $750 note above mentioned. In performance of that arrangement, the bank released its security to Dehart, and the Feeney note of $750 was forwarded to the plaintiff by or with the consent of

Feeney. The appellant thus took the note for value and before maturity, and of this no question appears to be made.

The bank sued upon the note against the maker and Feeney and others as indorsers. From a judgment in favor of the defendant Feeney, and from order overruling its motion for new trial, the plaintiff appealed.

On respondent's motion, the appeal from the order was dismissed. First National Bank v. Wollman, 51 S. D. 257, 213 N. W. 15. Upon a similar record it was stated in Williamson v. Voedisch Jewelry Co., 35 S. D. 390, 392, 152 N. W. 508, 509, that: "This court has also held that, upon an appeal from the judgment, errors of law occurring at the trial, and duly excepted to, when presented by a proper bill of exceptions, or statement of the case, may be reviewed, although no motion for a new trial was made in the court below, and that an error of law in admitting or rejecting evidence is subject to review on appeal from the judgment, without a motion for a new trial. Jones Lumber & Mercantile Co. v. Faris, 5 S. D. 349, 58 N. W. 813; Miller v. Way, 5 S. D. 468, 59 N. W. 467. In Roberts v. Ruh, 22 S. D. 13, 114 N. W. 1097, it was held that, while the ruling on the motion for a new trial was not reviewable for the lack of an assignment of error, yet the refusal to direct a verdict excepted to, and properly assigned and urged for reversal, presented a question of law reviewable in this court." See, also, Fuller v. James Murphy, etc., Co., 54 S. D. 492, 223 N. W. 713, 714.

In this case a simple question of law, viz., the admissibility of parol evidence to vary the terms of a written instrument, under facts above stated, is preserved by appropriate objections and procedure, on the part of appellant, up to the point of making brief in this court. But respondent contends that the brief is insufficient to present any questions for review on account of the alleged insufficiency of appellant's assignments of error.

The following is a part of the printed record, the headings being in large type:

"Assignment.

"Assignment of Error No. I.

"Specification of error No. 1 to 16, inclusive * * * are included in this first assignment of error and refer to the rulings of the trial judge upon admission of testimoney. * * *

"Specification of error No. 5 refers to the ruling of the court on certain questions asked the defendant Harry Feeney on direct examination.

"Q. What occurred between you and Dehart and Guire at that time (referring to the conversation held between these three men in Huron in February, 1921).

"Objected to by Mr. Bushfield:

"That is objected to as immaterial and an attempt to change the terms of a written contract by parole testimony. Which objection was overruled by the court. S. R. 72-73. Folio 72-73."

"Assignment of Error No. III.

"This assignment of error includes specification of error 27 which refers to the refusal of the Court to grant the motion for a directed verdict of the plaintiff in such action which motion and ruling are as follows: (S. R. 84, Folio 175):

"'Now comes the plaintiff after all the testimony has been submitted and both sides having rested and moves the Court to direct a verdict in favor of the plaintiff and against the defendant Mr. Feeney, upon all the issues in such sum as the jury would find due upon the note in issue for the following reasons: * * *

"'(7) Even if the defendant's claim were admitted as true it is not a defense to the action by this plaintiff because he endorsed this note in blank and permitted it to leave his hands and control and some oral declaration by him could not alter the terms of his written contract. Motion denied.'"

Although entitled "Assignment of Error," the foregoing represents a departure from established form to an extreme where the sufficiency of the assignment rests largely upon inference. Each of the so-called assignments appears to be a description or recital of a specification of error or group of specifications submitted to the trial court on motion for new trial rather than a direct allegation here of error occurring below with reference merely to specifications considered by the trial court. So clear are the court rules and so numerous the decisions of the court as to what must be insisted upon in this behalf, that the court now considers with a degree of reluctance an error thus circuitously presented and inferentially made the basis of appeal. The argument of respondent's counsel, with respect to the sufficiency of these assignments, and

their citation of authority, has been carefully considered and may not be said to be without merit. But in this particular record a single question of law so continuously and conspicuously appears throughout the record, serving to aid in an understanding of the assignment, that the court is disposed, in this instance, to consider that question.

In addition to general denials, and as a separate defense, the respondent, by way of answer, alleged: "That the endorsement of the defendant appearing upon said note was intended to be a qualified endorsement made by the defendant, without recourse, which fact was well known to the plaintiff before it became the owner and holder of said note; and that if the plaintiff became the owner and holder of said note, as alleged, it is not as against this defendant a holder in due course, but had full knowledge of the qualified endorsement of this defendant before becoming the owner thereof."

To support the foregoing defense, parol evidence was admitted over objections of plaintiff which tended to show an understanding verbally had by Feeney with Dehart, or the appellant, to the effect that Feeney's indorsement of the note was to be without recourse. At the proper time appellant moved for a directed verdict upon the ground, stated with other propositions, that the oral declarations of the parties, to the foregoing transactions, could not alter the terms of the written contract of indorsement. This motion being overruled, the jury was instructed, in part, as follows: "If you find that in the deal between Feeney and Dehart it was agreed between them that Feeney should not be personally responsible on this note, and you find that when the bank took this note (On March 26, 1921), it had notice of their deal and of the fact that Feeney was not to be responsible personally on the note then you should return a verdict for the defendant in this case, but in case you find that it had no such notice, then the bank would be entitled to recover against him in that case."

This instruction conforms to theory of defense that Dehart was to take the note by indorsement of Feeney without recourse and that notice thereof was carried, by Feeney, to the appellant bank in his conversations with its officers. In any event the defense is substantially the same as if the verbal contract were alleged to have been directly made by Feeney with appellant prior to or at

the time of the delivery of the note to appellant; for the indorsement as it then and now appears in writing is unqualified and the admitted theory of the case is that parol evidence is necessary to establish respondent's defense.

█ The note was negotiable in form. That the indorsement by the payee of such a note, before maturity and before its delivery by him to another, imports a promise to pay, is fundamental. On the other hand, it is provided, in Rev. Code, § 1742, that: "A qualified endorsement constitutes the endorser a mere assignor of the title of the instrument. It may be made by adding to the endorser's signature the words 'without recourse' or any words of similar import."

█ By proof of verbal transactions, respondent here claims that his indorsement of the note was to be "without recourse." In short, the objectionable parol evidence in this case was offered to *qualify* the unqualified indorsement.

The correctness of appellant's contention is too evident to admit of any doubt. No fraud or mistake is alleged or claimed to exist. Conditional delivery is neither pleaded nor indicated by the evidence, and appellant's contention that parol evidence is admissible to show the capacity in which the party signed is without application. There are circumstances under which the maker of a note may show by parol evidence that he received no consideration; or that he was an accommodation maker or surety; or that the note was never delivered; or that one who signed a note was but a witness, etc. But defendant was, and by answer admits himself to have been, an indorser. The capacity in which he signed is unquestionable in this case. The rule allowing parol evidence to establish the capacity in which an apparent maker or indorser may have signed his name does not admit of a distinction between the capacity of one who signs an unrestricted indorsement and that of one whose indorsement is qualified. Either is an indorser, and, respondent having admitted that he signed as indorser, that question is at an end.

This is an instance of a direct effort to alter and change or qualify the legal effect of a written contract which is complete on its face and which requires no evidence to supply apparent omissions or correct ambiguities. In short, this parol evidence does not

represent either class of the occasions recognized by the authorities, when such evidence is competent.

By Rev. Code 1919, § 860, it is provided that: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

As early as 1888, the territorial court, in the case of Thompson v. McKee, 5 Dak. 172, 177, 37 N. W. 367, 368, expressed a rule then fundamental in the following language. "There was no pretense that there was any ambiguity about the draft, or the indorsement of it by the defendant, which requires evidence to explain its meaning; nor is there any claim that it was indorsed by the defendant through mistake, fraud, or inadvertence. On the contrary, the draft seems to have been in the usual form of such instruments, and was endorsed by the defendant, unaccompanied by any words of explanation or limitation as to his liability thereon. He thereby made a contract with the bank which was absolute and unequivocal on its face, and was to the effect that the draft was genuine, and would be paid upon presentment at the time and place it was by its terms made payable, or that in default thereof he would himself pay it on demand. The allegations of the answer, and the evidence which the defendant was permitted to introduce against plaintiff's objections, are to the effect that he did not make such agreement. The general rule of law that parol evidence is inadmissible to vary, contradict, or explain an agreement which has been reduced to writing is well understood, and has found expression in section 921 of the Civil Code of this territory. Proof of the facts alleged in the defendant's answer could have no other effect, and could have been offered for no other purpose, than to contradict, vary, and impair the written agreement which the defendant made with the bank when he endorsed the draft. In no other way than by contradicting this agreement could the defendant have established the defense alleged in his answer. The court erred, therefore, in admitting the testimony of the defendant, under plaintiff's objection, to prove such facts, because the tendency, purpose, and effect of such testimony was to contradict, and did in fact contradict, the written agreement of the defendant."

In Stebbins v. Lardner, 2 S. D. 127, 144, 48 N. W. 847, 851,

this court, referring to persons in a situation similar to the parties of this action, stated that: "Evidence that Mr. Fox, as cashier, agreed with Ayers & Wardman not to hold them liable upon the note, and to look only to the securities for payment of the same, was not admissible, because tending to contradict or vary a written instrument by parol, and also because not within his authority as cashier."

See, also, Washabaugh v. Hall, 4 S. D. 168, 170, 56 N. W. 82.

Basing its decision on Thompson v. McKee, supra, this court, in First State Bank v. McMahon, 45 S. D. 77, 80, 185 N. W. 1014, 1015, declared that: "When defendant signed such note, it apparently became a writing upon which he was obligated as a party thereto. It was the reduction into writing of the agreement of the parties, and therefore superseded all oral negotiations. Defendant might prove by parol the capacity in which he signed; he might even prove that he was an accommodation party and only liable as such; he might prove that he became a party to such note through fraud or undue influence; he might prove no consideration; but he could not prove that, although his name was attached to such note, he had, because of some oral agreement preceding the writing, never become a party to the contract which such writing evidenced."

On the other hand, in Schmitz v. Hawkeye, etc., Co., 8 S. D. 544, 546, 67 N. W. 618, the court affirmed a principle reciprocal to that of the decisions above quoted. There it was first noted that the instrument before the court was, in form, a promissory note, and that a distinction existed between the contractual liability of an indorser of such a note and a guarantor thereof. The holder of the note, having attempted to show by parol that the indorser agreed to become liable as a guarantor, the court stated: "Under the statute such evidence was not admissible. Comp. Laws, § 3545. By the law merchant, the indorsement was a contract in writing, importing and including within its terms the stipulations enumerated in, and the obligations imposed by, the various provisions of section 4479 of the Compiled Laws. Evidence of a purported oral promise on the part of appellant, made at the time he indorsed the note, to the effect that he would guarantee and stand good for the amount thereof, in any event, in case of a default on the part of the maker, was clearly incompetent."

■ Upon the cited decisions of this court, and of numerous decisions of other courts, the text is written in 4 Jones Commentaries on Evidence, p. 3021, as follows: "When an instrument which has had a valid inception in the hands of the payee is by such payee or subsequent endorsee transferred with the intent to pass the property therein, and unqualifiedly endorsed by such transferer to evidence the transfer, the decided weight of authority holds that the contract implied from such endorsement, whether it is made in blank or in full, cannot, even as between the parties, be varied or explained by parol evidence of a prior or contemporaneous agreement."

To the rule above stated, this court is indubitably committed, and, for that reason, the objections of appellant to the admission of the parol evidence should have been sustained and the motion for directed verdict should have been granted. The judgment and order appealed from are reversed, and new trial granted.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
BROWN, J., concurs in result.
CAMPBELL, J., not sitting.