FIRST NATL. BANK, Appellant, v. WOLLMANN, et al, Respondents.

(231 N. W. 539.)

(File No. 6405. Opinion filed June 24, 1930.)

*Harlan J. Bushfield*, of Miller, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens*, of Pierre, for Respondents.

PER CURIAM. This case was first before us on motion to dismiss the appeal. 51 S. D. 257, 213 N. W. 15, 17. The

motion was granted as to appeal from the order denying a new trial, but denied as to the appeal from the judgment. At that time, referring to respondent's criticisms of appellant's brief, we said:

"Appellant's brief contains no assignments of error, although there are several divisions of argument under headings referring to assignments of error. It may be that counsel inadvertently omitted intended assignments."

Subsequently the case came before us on the argument on appeal from the judgment, 55 S. D. 244, 225 N. W. 713, 715, at which time respondent objected to a consideration of the appeal because of the insufficiency of assignments of error. We then said that the attempted assignments departed "from established form to an extreme where the sufficiency of the assignments rests largely upon inference," and "that the court now considers with a degree of reluctance an error thus circuitously presented and inferentially made the basis of appeal." Rehearing has been granted, and it is now strenuously insisted by respondent that, if any regard whatever is to be given to the rules of this court on the subject of assignments of error, appellant's brief presents nothing for the consideration of the court. None of the specifications of error upon which the motion for a new trial was made, and upon which the assignments of error on appeal from the judgment are said to be predicated, are set out in appellant's brief or in the record before this court. Although this deficiency was expressly pointed out in the opinion on the motion to dismiss the appeal, appellant's counsel has taken no steps to supply it, and we are constrained to hold that respondent is justified in insisting upon his objections in that respect. What we said in regard to the absence of any assignments of error in the former opinion, 51 S. D. 257, 213 N. W. 15, may well be claimed to be the law of the case on that point, the record remaining the same.

█ We have so often called attention to the rule which requires that an assignment of error must clearly point out the error complained of, and the grounds upon which the claimed error is based, that there should be no occasion for an appellant to ignore this rule or to fail in proper compliance therewith. Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Hazen v. Thompson, 33 S. D. 646, 146 N. W. 1070; Sweeney v. Hewett, 34 S. D. 302, 148 N. W. 503; Seubert v. Fawick Tractor Co., 36 S. D. 213, 154 N.

W. 446; Foss v. Larson Hardware Co., 51 S. D. 59, 212 N. W. 213.

The judgment appealed from is affirmed.

All Judges concur.