WARDER ET AL., Appellants, *v.* PATTERSON, Respondent.

**Judgment — Default — Vacating — Practice — Order —Validity.**

> Under § 143, C. C. Pro., authorizing the court, in its discretion, and upon such terms as may be just, to allow an answer to be made after the time limited by law, "or by order enlarge such time," a judge, after the time to answer had expired, granted a defendant an order for further time to answer upon an *ex parte* application. The plaintiffs were not served with the order, but were informed of it. The judge of the district being absent from the territory, the plaintiffs (under a statute authorizing another judge to act in such case) applied to, and obtained a judgment by default from another judge during the existence, and while they were aware of the extension order. The defendant thereafter, and within the time granted, served his answer, and then moved to vacate the default judgment. This the court, by the judge who gave the time, granted without terms under the same section which provides that the court "may also, in its discretion, and upon such terms as may be just, * * * relieve a party from a judgment, * * * taken against him through his mistake, inadvertence, surprise or excusable neglect." *Held*, the judgment was properly vacated, and that while the order granting further time was irregular, the plaintiffs were bound by it, and not in a position to complain of a want of terms.

(Argued and determined at the May Term, 1888.)

APPEAL from the district court, Lake county; Hon. C. S. PALMER, Judge.

This is an appeal from an order vacating a judgment by default. The action was commenced the 28th day of January, 1887; the defendant appeared and demanded a copy of the complaint the 2d of February; the copy was served the 11th of February; the defendant interposed a demurrer the 12th of March; in June following, by consent, an order was made whereby the defendant withdrew his demurrer, the plaintiffs had sixty days to amend their complaint, and the defendant sixty days to answer after the service of the amended complaint. On the 12th of July, 1887, the plaintiffs served the amended complaint. On the 16th of September thereafter, the defendant, upon the affidavit of his attorney, applied, *ex parte*, to the judge of the court for further time within which to answer. The affidavit disclosed substantially the foregoing facts. It also alleged that at the time he was served with the amended complaint he indorsed, by mistake, an erroneous date upon it, and that by reason of this and the absence of the defend-

ant he had not answered within time, and asked until the 1st of October within which to do so. The judge granted it. A copy of the order was not served upon the plaintiffs' attorney, but it appeared he was informed of it in the course of two days. On the 26th of September, 1887, the plaintiffs (the judge who made the order being out of the territory) applied to the judge of another district for a judgment by default. This judge, not aware of the extension order, signed the judgment. On the 30th of September the defendant served his answer, together with a copy of the order, giving him until October 1st, within which to answer, and then gave notice of a motion upon these facts to vacate the judgment by default. The plaintiffs appeared and objected to the judge's entertaining jurisdiction of such a motion at chambers, claiming that it was a power that could be exercised only in open court in the county, and that if the judge should entertain it the relief asked could not be granted, as there was no affidavit of merits. The judgment was vacated December 10, 1887. The record shows that the order was made "by the court," at Sioux Falls. The notice was that "a motion will be made before the Hon. C. S. PALMER" to set aside the judgment.

The statutes with reference to the points determined are stated in the head-note.

*F. L. Soper*, for appellant.

The order giving further time was void. Under section 143 the court could only extend the time before it had expired. Defendant's remedy was to be relieved from his default. Wait Code, p. 232, n. *a, b;* Petrie v. Fitzgerald, 2 Abb. (N. S.) 354; Platt v. Townsend, 3 Abb. 9; McGowan v. Levenworth, 2 E. D. Smith, 24.

In any event it was error to vacate the judgment without terms to the plaintiffs.

*Wm. McGrath*, for respondent.

The order extending the time was proper under section 143. The terms of the relief, even if defendant had been in default, were discretionary under this section. Freeman Judg., §§ 541, 542; Willett v. Millman, 15 N. W. Rep. 866; Nugent v. Nugent, 20 id. 584.

By the COURT:

The judgment of the court below is affirmed.   The court holds that the order of the judge enlarging the time to answer after the statutory period had elapsed, while irregularly made and perhaps open to a motion to be set aside, was yet in effect a granting of time and binding upon appellants, and the judgment by default obtained before another judge during the pendency of such order was properly set aside on motion by the judge who granted the leave to answer, and appellants ought not to complain that it was done without terms.   All concur.