## REGAN v. WHITTAKER, *et al.*

1.  Under Comp. Laws, § 5090, subd. 4, providing that a motion for a new trial on the minutes of the court shall be denied if the notice does not specify wherein the evidence was insufficient to support the finding, the supreme court, in reviewing an order overruling a motion for a new trial on the minutes, will not review the evidence as to its sufficiency, where the notice of motion did not specify the particulars in which the evidence was insufficient.

2.  In an action to restrain an alleged trespass to a mining claim, evidence of the plaintiff that a third party told him he could locate the mine in his own name was properly excluded as incompetent.

3. In an action to restrain a trespass to a mining claim, where the defendant alleged that the plaintiff had never made a valid location of the claim, evidence that plaintiff had performed assessment work on the claim was properly excluded as immaterial.

4. Where evidence was improperly excluded when offered, the error was cured by its subsequent admission.

5. In an action to restrain a trespass to a mining claim, a judgment for the defendant was properly rendered, where the court found that no valid discovery had been made on the lode, that the same had not been located or the boundaries marked in the prescribed manner, that no valuable mineral of the required classes was within the boundaries of the property, and that the defendant's title to the property was valid.

|Opinion filed April 19, 1901.)

Appeal from circuit court Lawrence county. Hon Joseph B. Moore, Judge.

Action by John Regan against Thomas Whittaker and others. From a judgment in favor of the defendants, the plaintiff appeals. Affirmed.

*James A. George* (*Charles E. Davis,* of counsel), for appellant

The same rules of law apply to mining property that do to other real estate, and continued uninterrupted possession will raise a presumption of a sebsequent valid location. Lutz *et al* v. Victor 17 Cal. 271; Hawx Hurst v. Lender, 28 Cal. 331; Hess v. Widner, 30 Cal. 349.

While the statute of limitations does not run against the government its effects upon the rights of claimants is recognized by law. Harris v. Equator, Etc. Co., 8 Fed. 863; Glacier Co. v. Willis, 127 Hams v. Equator Etc., Co., 8 Fed. 863; Glacier Co. v. Willis, 127 U. S. 471; Mining Co. v. Bullion Min. Co. 3 Sawyer, 634; Lutz v Victor, 17 Col. 271; Belk v. Meagher, 104 U. S. 284; Guillan v. Donnellan, 115 U. S. 45.

The record contains no denial that Regan and his predecessors in interest went into possession of the property in April, 1877, and have continued to hold the same as a mining claim ever since. A valid location will be presumed. Cheesmen v. Hart, 42 Fed. 98.

It has been the settled policy of the government in dealing with grants of public lands, to hold that where there has been a valid location, occupation or entry by some one of the modes of acquiring title to public land to hold that such location or occupation, especially of mineral lands, is in effect a grant. Del Monte M. & M. Co. v. Last Chance M. Co., 171 U. S. 256.

A location in effect segregates the particular tract so occupied or located from the public domain, and upon abandonment the reversion is to the United States, and not to the claimant, of a subsequent general grant. Wilson v. Jackson, 13 Pet. 478; Burlington R. R. Co. v. Abink, 14 Neb. 95; Leavenworth & G. R. R. Co. v. U. S., 92 U. S. 733; Newhall v. Sangar, 92 U. S. 761; Ryan v. R. R. Co., 113 U. S. 629; Min. Co. v. Con. M. Co., 102 U S. 167; Bardeau v. So. Pac. R. R. Co., 9 Copps L. . . 81.

A claim is a "known" mineral possession. Montel v. Noyes, 127 U. S. 348. Mininig ground may be transferred by the surrender of possession. Union etc. Co. v. Taylor, 100 U. S. 37.

The issuance of a patent to the townsite did not foreclose inquiry as to the mineral character of the land. A patent may issue for a lode claim within the area of a townsite. Pacific Slope Lode v. Butte, 25 L. D. 518; Smoke House Lode, 6 Mont. 396; King v. Thomas, 6 Mont. 409; Silver Bow M. & M. Co. vs. Clark, 5 Mont. 478; Pacific Slope Lode vs. Butte Townsite, 25 L. D. 518.

See Hulings v. Ward Townsite, 29, L. D. 21; Davis v. Weibold, 139 U. S. 507; Donner v. Richards, 151 U. S. 568.

The deed to Whittaker by the Townsite trustee of 10.32 acres

was in conflict with the authority conferred by the state and national townsite laws and the deed was void. Treadway v. Wilder, 9 Nev. 67; Cathcart v. Kortum, 11 Minn. 45; Setter v. Avery, 15 Kan. 157; Treadway v. Wilder, 9 Nev. 67; Edwards v. Tracey, 2 Mont. 49; Hall v. Ashby, 2 Mont. 489.

*Moody, Keller & Moody,* for respondents.

This court cannot review the sufficiency of the evidence to sustain the findings complained of because no valid exception was taken or saved within the notice of intention to move for a new trial, nor the bill of exceptions set out the pretensions wherein it is claimed the evidence is insufficient, and neither the abstract nor the bill of exceptions contain all the evidence offered. Comp. Laws, Sec. 5081; Comp. Laws, Sec. 5090; Billingsley v. Hiles, 6 S. D. 445; Johnson Land Co. v. Case, 82 N. W. 90; Baumer v. French, 79 N. W. 340; Pickert v. Rugg, 46 N. W. 446; State v. Chapman, 1 S. D. 425; Chandler v. Kennedy, 8 S. D. 60; Foote v. Petrie, 8 S. D. 19; Henry v. Draw, 6 Dak. 78; Hostetter v. Brooks, 4 N. D. 357.

The location certificate of the Gallagher lode made no reference whatever to notations or permanent monuments and was wholly inadequate to identify the claim. It was absolutely void. U. S. Rev. St., Sec. 2324; Comp. Laws, Sec. 2000; Barringer and Adams Law of Mines, p. 242; Faxan v. Bernard, 4 Fed. 702; Gilpin Co. v. Drake, 9 Pac. 787; Drummond v. Lang, 13 Pac. 543; Darger v. LeSieur, 30 Pac. 363; Tombstone Townsite cases, 15 Pac., 26.

The Phoenix location was void because there was no discovery, the alleged discovery being upon patented ground, Lindley on Mines, § 337; Barringer & Adams on Mines, 216. Tthe location certificate was void the description being inadequate. Rights under a relocation date from the date of the relocation only. Barranger & Adams on Mines, 307; Cheesman v. Sharron, 40 Fed. 787; Tombstone Townsite cases, 15 Pac. 26.

CORSON, J.   The plaintiff claiming to be the owner of a mining lode location designated as the "Phoenix Lode," located within the boundaries of the city of Deadwood, brought this action to restrain the defendants from interfering with, or trespassing upon, the same, and for damages in the sum of $5,000, sustained in consequence of trespasses upon the same by the said city of Deadwood, and for such other and further relief as might be just in the premises.   The defendant Whittaker answered for himself and the other defendants, denying, in effect, plaintiff's title, and claiming the premises under and by virtue of a conveyance made to him by the probate judge of Lawrence county under the townsite entry of the city of Deadwood. The case was tried to the court without a jury, and findings and judgment were rendered in favor of the defendants, and the plaintiff appeals.

The plaintiff bases his claim for a reversal mainly upon the ground that the findings of the court were not supported by the evidence and were contrary to the same.   Respondent makes the preliminary objection that this court cannot review the evidence for the reason that the motion for a new trial was made upon the minutes of the court, and that the notice of intention to move for a new trial contained no specification of the particulars in which the evidence is alleged to be insufficient, and that it was therefore the duty of the court below to deny the motion, and that this court, without such a specification of the particulars in which the evidence is claimed to be insufficient as provided by subdivision 4, § 5090, Comp. Laws, cannot review the evidence.   The material parts of the notice of intention to move for a new trial are as follows:   "You will please take notice that the above named plaintiff intends to move the above entitled court for an order setting aside the decision and judgment of the court heretofore entered in this action, upon the grounds following:

(1) Of newly-discovered evidence material to the plaintiff, which he could not with reasonable diligence have discovered and used at this trial. (2) Insufficiency of evidence to justify the decision of the court. (3) For the judgment anl decision of the court is against the law, in this; (a) That the court should have found for the plaintiff under the law and the testimony submitted to the court, instead of against the plaintiff and in favor of the defendant. (b) The court should have adopted the findings of fact and conclusions of law prepared on the part of the plaintiff." It will be observed from this notice that it fails to specify the particulars in which the evidence is alleged to be insufficient, and in such case it is provided, in the fourth subdivision of the section above referred to, that "if the notice do not contain the specifications herein indicated, when the motion is made on the minutes of the court, the motion must be denied." There also appears in the abstract what is termed a "notice of motion for a new trial," but that also fails to state the particulars in which the evidence is alleged to be insufficient. This court has repeatedly held that when the motion for a new trial is made upon the minutes of the court or on a bill of exceptions, and the notice of intention or the bill of exceptions fails to specify the particulars in which the evidence is alleged to be insufficient, it is the duty of the trial court to deny the motion, and in such case this court will decline to review the evidence Henry v. Dean, 6 Dak. 78, 50 N. W. 487; Billingsley v. Hiles, 6 S. D, 445, 61 N. W. 687; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43; Land-Mortg. Co. v. Case, 13 S. D. 28, 82 N. W. 90. The question, therefore, as to the sufficiency of the evidence to sustain the findings, will not be concidered by this court.

The only questions, therefore, presented, are whether there were any errors of law occurring at the trial in the exclusion or admission

of evidence, and whether or not the findings support the judgment. Only three errors in the exclusion of evidence offered by the appellant have been called to our attention. Regan, when upon the stand as a witness in his own behalf, was asked the following question: "You located in your own name—changed the name of the mine?" to which he answered: "Mr. Gallagher told me I could locate it in my own name." On motion of the counsel for the respondents the answer was stricken out. We think the court ruled correctly, as his statement of what Gallagher told him was clearly incompetent. One. Gallup, called as a witness on the part of the appellant, was asked the following question: "I will ask you if you have ever seen Mr. Regan, the plaintiff in this action, performing any work—assessment work—upon the mining claim known as the 'Phoenix Lode'. " This was objected to as immaterial, and the objection sustained. The theory of the respondents was, and that was also the view taken by the trial court, that apppellant had never made any valid location of the Phoenix Lode, and, that being true, any assessment work that he might have done upon the claim was immaterial; hence, in that view, the ruling of the court was correct. Counsel for the appellant offered in evidence a location certificate, recorded in Book 9, at page 579. This was objected to as incompetent, and the objection sustained. We think that we may assume that this certificate was subsequently admitted in evidence, as the court in its findings sets out a certificate in full which was recorded in the book and at the page referred to in the offer. If there was any error in excluding the certificate at that time, it was cured by its subsequent admission in evidence.

The court in its findings of fact set out at some length various proceedings of the appellant in his attempt to locate the mining claim in controversy, but finds that the appellant had no valid mining

location.   The plaintiff claimed title under a location claimed to have been made by his predecessors in interest, Patrick A. Gallagher and Jacob Runyon, in May, 1877, and a subsequent purchase of the property in June, 1883, and also under a relocation of the same claimed to have been made by him under the name of the "Phœnix Lode", in June, 1883, and subsequently amended locations.   As regards these locations the court finds:  "(1)   That at sometime in the year 1877, Patrick Gallagher and Jacob Runyon, each a citizen of the United States, and residents of the county of Lawrence, in the then territory of Dakota, attempted to make a mining location, calling the same the 'Gallagher Lode.'   That the same was staked either in the fall of 1877, or in the spring of 1878, but there is no evidence that the stakes were marked as required by law.   A notice of location was posted at the point claimed as the point of discovery, and a certificate of location was thereafter filed with the register of deeds of the said county of Lawrence, then territory of Dakota, but the evidence fails to show that such location certificate complied with the requirements of the law.   No discovery of a vein or lode of quartz or other rock in place, containing valuable mineral, was made on said attempted location.   (2)   That on the 29th day of July, 1878, there was not on said alleged Gallagher lode any discovery of a vein or lode of quartz or other rock in place containing valuable mineral, nor was said alleged Gallagher lode location at that time a valid existing mine location, nor was there on said day any known valuable vein, lode, or mine of gold, silver, cinnabar, or copper, within the limits thereof.   (3)   That on or about the 4th day of June, 1883, Patrick A. Gallagher transferred to the plaintiff, John Regan, such interest as he had in said alleged Gallagher lode location; that there was no written instrument of any kind or character executed by said Gallagher to the plaintiff

evidencing the transfer of such interest, but that said transfer was merely verbal, and a transfer of the possession. (4) That on the 4th day of June, 1883, the plaintiff, John Regan, went upon the said alleged Gallagher lode location and attempted to locate thereon a mining location, calling the same the 'Phœnix Lode'; that at that time the plaintiff made no discovery of a lode or vein of quartz or other rock in place containing valuable mineral; that at the point at which he claimed his discovery, there was then existing a shaft some ten or fourteen feet in depth, which plaintiff at that time cleaned out, but did not work therein or thereon, and made no discovery of a valuable mineral bearing lode or vein of quartz or other rock in place. * * * (10) That on the 29th day of July, 1878, at the time of the entry of said townsite by the probate judge of said Lawrence county as aforesaid, and on the 26th day of June, 1882, at the time the property described in the preceding finding of facts was conveyed by the probate judge of Lawrence county to the defendant, Thomas Whittaker, there was within the boundaries of said property no valuable mineral vein or mine of gold, silver, cinnabar or copper, or any valid mining claim or possession held under existing laws." It will thus be seen that under the findings the plaintiff had no valid location of a vein or lode of mineral bearing ores. Without a valid discovery and a valid location, either by himself or his predecessors in interest—assuming, without deciding, that plaintiff succeeded to such interest—the plaintiff was not entitled to recover in this action as against one claiming title under a properly located townsite, as the findings of fact do not bring plaintiff's claim within any of the reservations contained in the Deadwood townsite patent, those reservations being as follows: "Provided no title shall be hereby acquired to any mine of gold, silver, cinnabar or copper; or to hold any valid mining claim or possession held under

existing laws. And provided further that the grant hereby made is held and declared to be subject to all the conditions, limitations and restrictions contained in section two thousand three hundred and eighty-six (2386) of the Revised Statutes of the United States, so far as the same are applicable thereto." The section of the United States statute referred to reads as follows: "Where mineral veins are possessed, which possession is recognized by local authority, and to the extent so possessed and recognized, the title to town lots to be acquired shall be subject to such recognized possession and the necessary use thereof; but nothing contained in this section shall be so construed as to recognize any color of title in possessors for mining purposes as against the United States." The court further finds that on the 29th day of July, 1878, the probate judge of Lawrence county entered at the United States land office of Deadwood, and made payment therefor, what is known as the "Townsite of Deadwood," in trust for the use and benefit of the inhabitants of said city, under the laws of the United States; that said entry included, among other lands, the premises in controversy in this action; that subsequently to the 26th day of June, 1882, the probate judge of Lawrence county, as such, conveyed by deed to the defendant, Thomas Whittaker, a portion of the land embraced within the townsite, which said land is fully described in the finding; that the alleged Gallagher and Phœnix lodes claimed by the plaintiff were located upon and over the said premises so conveyed to said Whittaker, and conflicted therewith to the extent of about two and one-half acres. Under the findings of the court, therefore, that no valid discovery was made upon the so-called "Gallagher Lode", of the so-called "Phœnix Lode", and that the same were not located or their boundaries marked in the manner prescribed by law, and that there was not within the boundaries of said property any

valuable mineral vein or lode of gold, silver, cinnabar or copper, the said defendant Whittaker was entitled to the possession of the ground under his townsite deed, so in conflict with the Gallagher and Phœnix locations, as against the said jlaintiff; and the court, therefore properly concluded as matter of law "that the defendant Thomas Whittaker is the owner in fee of the lands and premises in the said deed of the said probate judge of Lawrence county, to him, * * * and that the plaintiff, John Regan, has no right, title, or estate therein, or any part or parcel thereof, and that the defendant Thomas Whittaker is entitled to have his title thereto quieted as against the said plaintiff, John Regan." What would have been the rights of the parties had the plaintiff or his predecessors in interest made a valid discovery, and located the claim in the manner prescribed by law, it is not now necessary to decide, and we do not determine that question, and go no further than to hold that under the findings of fact disclosed by the record in this case, the judgment below should be affirmed. The judgment of the circuit court is affirmed.