## THOMPSON v. CHICAGO, M. & ST. P. RY. CO.

The bill of exceptions cannot be amended by the appellate court, even by consent of parties.

The bill of exceptions should not be amended by the trial court so as to support a ground for new trial not considered by the court in ruling on the motion.

It will be presumed that the assignments of error in appellant's abstract are the same as the assignments of error in the bill of exceptions on motion for new trial, as long as the respondent raises no issue as to their absence from the bill; but where the attention of the appellate court is called to the fact that the bill contains no assignments of error, the court must presume that the motion for a new trial was denied because of the want of such assignments.

Where a respondent files an additional abstract and fails to object that the assignments of error in appellant's abstract are not in his bill of exceptions, he has waived his right to that objection.

Under Code Civil Proc. § 302, allowing a motion for a new trial to be made either on the minutes of the court or on a bill of exceptions, a party on giving his notice of intention to move for new trial should elect which method he will pursue, whether by bill of exceptions or on the minutes of the court, and if on the minutes of the court, the notice of intention should contain the assignment of error, but if by bill of exception, the bill should contain the assignment of error.

Where a motion for new trial is heard on the minutes of the court, the specifications of error which are in the notice of intention must be incorporated in the bill of exceptions on appeal subsequently settled.

Where a motion for new trial was made on the minutes of the court, and the specifications of error in the notice of intention were by mistake omitted from the bill of exceptions on appeal, subsequently settled, the trial court may properly amend the bill to in-

clude them, in order that the case my be heard on appeal on the same specifications that were before the lower court.

In a motion to remand the record, it appeared that appellant's notice of intention stated that the motion would be on the minutes of the court and by bill of exceptions, and the notice contained assignments of error which were not in the bill of exceptions before the appellate court. **Held,** that as the appellate court could not know which method was used in hearing the motion for new trial and as amendments are allowed to bills of exceptions, when the motion for new trial is heard on the minutes of the court, and the respondent failed to object to assignment of error which were in appellant's abstract and not in the bill of exceptions, the record should be remanded to the lower court for it to determine whether it should be amended.

(Opinion filed October 12, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Andrew Thompson against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant appeals. On motion to return record to trial court for amendment. Motion granted.

*William G. Porter* and *J. D. Elliott,* for appellant. *Krause & Krause,* for respondent.

HANEY, J. An order to show cause why the original record in this case should not be returned to the circuit court for the purpose of permitting the appellant to apply to that court for leave to amend the bill of exceptions, by adding thereto specifications of errors in law and specifications of the particulars wherein the evidence is insufficient to justify the verdict, alleged to have been inadvertently omitted when the bill was settled and certified, having been issued, respondent's counsel filed an affidavit in opposition to appellant's application, containing the following among other averments; "That on February 4, 1910, appellant's notice of intention and proposed bill of exceptions were served upon respondent's said attorneys and attached to and made part thereof, were practically the same assignments of insufficiency of the evidence and errors of law which the appellant now attaches to and makes part of the affidavit of Mr. Porter, its principal attorney in this case, and which he proposes again to add to and make

part of the bill of exceptions herein, and for which purpose he asks this court to remand the bill of exceptions." It is also stated in the affidavit of respondent's counsel that the assignments of error contained in appellant's abstract, now on file in this court, are substantially the same as the specifications alleged to have been omitted from the bill of exceptions; that respondent's additional abstract, also on file in this court, does not deny that such assignments of error are based upon proper specifications in the bill of exceptions; and that the time in which to serve and file an additional abstract was long since past.

The position of the parties is certainly novel. Appellant asserts that the bill of exceptions is fatally defective; respondent denies the assertion. If the bill of exceptions contains no specifications, the motion for a new trial was properly denied. It cannot be amended by this court or by consent of parties. It should not be so amended in the court below as to support any ground for a new trial not considered by the trial court when it ruled on the motion for a new trial. The assignments of error in appellant's abstract are the same as the specifications alleged by appellant to have been inadvertently omitted from the bill of exceptions. Respondent's additional abstract raises no issue as to the absence of specifications in the bill. Therefore, if the pending application had not been made, this court would have assumed that the assignments of error were supported by the original record. Pearl v. Railway Co., 8 S. D. 634, 67 N. W. 837; Bailey Loan Co. v. Seward, 9 S. D. 326, 69 N. W. 58.

But an examination of the original bill discloses that it does not contain any specifications of errors in law occurring at the trial or specifications of the particulars, wherein the evidence is alleged to be insufficient to justify the verdict. Of course, this defect is waived by respondent's assertion that the bill did contain proper specifications and his failure to raise any question regarding the same by an additional abstract. But the rights of the trial court cannot be ignored. Attention having been called to the original record, in absence of any showing to the contrary, it must be presumed such court denied the application for a new trial

for the reason the bill contained no specifications. The notice of intention to move for a new trial contained the same specifications now sought to be incorporated into the bill of exceptions. The motion was heard March 21, and denied April 11, 1910. The bill of exceptions was settled and certified March 9, 1910.

The notice of intention stated that the motion would be made on "the minutes of the court" *and* on "the bill of exceptions" to be thereafter settled. In this respect it did not conform to the requirements of the statute. One who intends to move for a new trial should elect which method he will pursue, and so state in his notice of intention. Rev. Code Civ. Proc. § 302. If his motion is to be based on the minutes of the court, his notice of intention should contain the specifications relied on. If it is to be heard on a bill of exceptions or statement of the case, his notice should state only the statutory grounds and the specifications should be in the bill or statement. When the motion is heard on the minutes of the court the specifications in the notice of intention are to be incorporated into the bill or statement subsequently settled, that this court may in every case consider the same specifications as were considered by the court below. Such being the clear intent of the statute, if the motion for a new trial in the case at bar was heard on the minutes of the court, if the specifications in the notice of intention were considered by the trial court, the same specifications should have been incorporated into the bill of exceptions, and having been inadvertently omitted, it would be entirely proper for the trial court to entertain an application for leave to supply the omission. If, on the other hand, the motion for a new trial was heard on the bill of exceptions which had been previously settled and it was denied for the reason that the bill contained no specifications, the trial court would be justified in declining to permit the proposed amendment. It is, therefore, in view of the position taken by respondent's counsel, proper to return the record to the court below that it may, in the exercise of a sound discretion, determine whether the proposed amendment should be allowed.

So appellant's application will be granted and further proceedings in this court deferred until the record shall have been

returned, when such orders regarding the consideration of the cause will be made as may be proper in the premises.