SHERWOOD, Appellant, v. HILL, Respondent.

(166 N. W. 228.)

(File No. 5158.   Opinion filed February 5, 1918.)

1.  New Trial—Basis, Minutes of Court—Notice of Intention, Specification of Particulars In—Statute.

   Under Code Civ. Proc., Sec. 303, as amended by Laws 1913, Ch. 173, Sec. 2, concerning motions for new trial, notice of intention, where motion is based on minutes of the court, must contain specifications of particulars wherein evidence is alleged to be insufficient.

2.  New Trial—Specifications of Error in Record, Limit of, to Specifications in Notice of Intention—No Specifications, Effect.

   When record is settled for appeal and errors assigned, specifications therein cannot exceed, be broader, or other than as comprehended within specifications in notice of intention; and where such notice contains no specifications of particulars concerning insufficiency of evidence, errors assigned based on such insufficiency cannot be considered on appeal.

Appeal from Circuit Court, Stanley County.   Hon John F. Hughes, Judge.

Action by Fleta M. Sherwood, against Edward J. Hill. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Johnson & Johnson,* for Appellant.

*F. W. Lambert,* for Respondent.

McCOY, J.   [1, 2]   Plaintiff brought this action against defendant to recover damages for alleged failure to construct a

certain dwelling house according to contract. There was ver-
dict and judgment for the defendant, and plaintiff appeals. There
was material conflict in the testimony, and appellant has not
properly assigned the insufficiency of the evidence to sustain the
verdict as error. Motion for new trial was made upon the min-
utes of the court. Where the motion for new trial is based on
the minutes of the court the specifications of particulars wherein
the evidence is alleged to be insufficient must appear in the notice
of intention. Section 303, C. C. P., as amended by chapter 173,
§ 2, Laws 1913. When the record is settled for appeal and
errors assigned, the specifications therein contained cannot exceed
or be broader or other than as comprehended within specifications
appearing in the notice of intention. In this case no specifications
of particulars wherein the evidence was claimed to be insufficient
to sustain the verdict appear in the notice of intention. There-
fore errors assigned based upon the insufficiency of evidence can-
not be considered. Assignments of error are made based on the
rejection of certain testimony, all of which assignments have been
considered, and we are of the opinion that no prejudicial error
exists in relation thereto, and that it will serve no useful purpose
to further refer to same.

Finding no error in the record, the judgment and order ap-
pealed from are affirmed.