FRANK, Appellant, v. RUZICKA, Respondent.

(185 N. W. 371.)

(File No. 4991.   Opinion filed November 22, 1921.)

1. Appeals—Error—New Trial, Insufficiency of Evidence, Error of Law, as Grounds, Motion on Court Minutes—No Specifications of Error, Presumption That Trial Court Disregarded Grounds—Statute.

Where motion for new trial on grounds of insufficiency of evidence and errors of law, was based upon minutes of court, and limited to grounds contained in specifications found in notice of intention, there being no specifications of particular error of law relied on, this Court will assume that trial court disregarded those grounds (Sec. 2557 Code 1919.)

2. Appeals—Error—Specification of Error, Its Office as Designating Error and as Basis of Determining Whether Transcript Contained in Settled Record—When and Where Specification Should Be Found.

The office of a specification of error, in connection with motion for new trial, is to point out alleged error of which moving party complains and on which he seeks new trial; it also establishes basis for determination as to what parts of transcript should be contained in settled record, in case record should be settled.   It therefore must precede and never follow hearing of motion for new trial, and will be found either in notice of intention, where motion is based on court's minutes, or in settled record where motion is based on the latter.

3. Appeals—Brief, "Assignment of Error" as "Specification of Error," "Served and Filed With Transcript of Testimony"—Specifications of Grounds in Notice of Intention, As Guide in Determining Contents of Settled Record—Rule.

Where appellant's brief contained the so-called "assignments of error," accompanied by statement that they were his "specifications of error," and as such "served and filed with a transcript of the testimony herein," held, that the specifications of errors were such as were contained in notice of intention, and it was such of those specifications as bore on the ground on which trial court based its order granting new trial, and not on any specification to be prepared by appellant, that should have been the guide for parties and court in determining con-

4—Vol. 45, S. D.

tents of settled record; and the specifications presenting grounds on which trial court granted the motion should appear in printed record, but they are not appellant's specifications.

4.  **Trial—Stay of Proceedings, Whether Asbence of Deprives Court of Jurisdiction.**

The fact that there was no stay of proceedings, or that stay granted had expired, does not deprive trial court of jurisdiction to hear and determine motion for new trial; such stay differs from an order fixing or extending such period of time.

5.  **Same—Amending Notice of Intention Long After Its Service, on Ground of Want of Transcript, Motion on Court's Minutes as Necessity, Effect.**

Where, some ten months after service of notice of intention to move for new trial, which motion was to be made on settled record and affidavits, moving party applied for leave to amend notice of intention so that it should recite that motion would be made on minutes of court; the ground for such application being want of transcript of evidence which had been delayed, **held**, that objection to consideration of motion for new trial because stay of proceedings had expired and no extension had been effected and because no showing had been made to court why permission should be given to file amended notice, was untenable; the showing therefor having been made by affidavit on return day of motion, which presented a sufficient ground for excusing the delay—if any—and for order allowing such amendment.

6.  **New Trial—Order Granting, Failure to Specify Grounds, Non-compliance With Court Rule, Presumption That Omission Was Inadvertent—Appellate Jurisdiction Retained, Order on Trial Court to Issue New and Specific Order.**

Where, in granting new trial, the order wholly failed to specify the ground or grounds on which it was granted, thus ignoring Rule 30 governing Trial Courts of Record; and while such failure leaves both litigants and this Court entirely at sea as to views of trial court, and an earnest endeavor by trial courts to comply with said Rule will save litigants much needless expense and promote and expedite justice, yet, **held**, that, since great injustice might be done respondents if such order were reversed, it will assume that trial court's omission resulted from inadvertence; and this Court will retain jurisdiction, and will issue an order directing trial court to issue, nunc pro tunc as of date of its former order, a new one specifying its grounds; which substituted order will replace in this Court the defective one.

7.  **New Trial—Insufficiency of Evidence as Ground, Non-assignment of Error That Amended Notice of Intention Did Not Specify Particulars, Effect—No Testimony in Record, New Briefs Allowed—Costs.**

. Where the so-called "assignments of error" state that notice of intention did not sufficiently specify particulars, but failed to allege non-specification in amended notice of intention, **held,** that upon such record there would be presented the question of sufficiency of evidence, yet, the printed record containing no evidence, therefore, if order granting new trial was based on insufficiency of evidence, appellant must necessarily have, and he is allowed time, after filing here the new order, in which to serve and file new briefs.  **Held,** further, that respondent shall pay $50 as terms for right to be heard in this Court, failing in which payment his brief will be stricken from files; but if paid and if appellant serves new brief, respondent is given 30 days thereafter to serve and file new brief.

McCoy, J., taking no part herein.

Appeal from Circuit Court, Hand County.  Hon. JOHN F. HUGHES, Judge.

Action by W. O. Frank, against Anton Ruzicka.  Judgment for plaintiff.  From an order granting a new trial, Plaintiff appeals.  Order issued directing trial court to issue a new and nunc pro tunc order, specifying grounds thereof; and time granted parties for serving and filing new appellate briefs, on terms.

*Harlan J. Bushfield,* for Appellant.

*John Pusey,* and *S. V. Ghrist,* for Respondent.

WHITING, J.  [1]  In this action there were verdict and judgment for plaintiff.  Defendant gave notice of intention to move for new trial specifying therein all the causes for granting new trial known to our statute (section 2555, R. C. 1919), except "accident or surprise," and giving notice that the motion would be based on the files, settled record, and affidavits.  Nearly ten months thereafter defendant served his motion for new trial and attached thereto a notice of motion to be allowed to amend his notice of intention.  The grounds upon which the motion to amend would be based were not set forth in the notice nor in any affidavit therewith served; but it appears that, when the motion was heard, an affidavit was filed which affidavit set forth the ground upon which such motion was based.  Plaintiff objected to the consideration of the motion for new trial because "the stay of proceedings * * * had expired and no extension had been asked," and because "no showing had been made to the court why permission should be given to file such amended notice."  The amendment to the notice of intention was allowed.  This amendment gave notice that the motion would be based on the minutes of the court as well as

upon the files, affidavit, and settled record. Inasmuch as there had, at that time, been no record settled, it left the motion for new trial, so far as resting upon insufficiency of evidence and errors of law occurring at the trial, based upon the minutes of the court, and limited to the grounds contained in the specifications found in such amended notice of intention. As there were no specifications of the particular errors of law upon which defendant relied, we must assume that the trial court disregarded this ground. Section 2557, R. C. 1919. This motion for new trial was granted, and, from the order granting same, this appeal was taken.

[2, 3] We find in appellant's brief 17 so called "assignments of error," accompanied by a statement to the effect that they were his "specifications of error," and as such "served and filed with a transcript of the testimony herein." There seems to be a misconception on the part of appellant's counsel of the nature and purpose of specifications of error under our statutes and rules of procedure. The office of a specification of error, in connection with a motion for new trial, is to point out an alleged error of which the moving party complains and upon which he seeks a new trial; and it also establishes a basis upon which to determine what part or parts of the transcript should be contained in the settled record, in case a record should ever be settled. It therefore must precede, and never follow, the hearing of the motion for new trial, and will always be found either in the notice of intention, where the motion is based on the minutes of the court, or in the settled record, where the motion is based on such record. The specification of errors herein were therefore the specifications containd in the notice of intention; and it was such of those specifications as bore upon the ground upon which the trial court based its order granting the new trial, and not any specification to be prepared by the appellant, that should have been the guide for the parties and the trial court in determining what should be contained in the settled record. These specifications presenting the grounds upon which the trial court granted the motion for new trial should be set forth in the printed record; but they are not the appellant's specifications, and the only "assignment of error" to be contained in the brief of appellant in order to give this court jurisdiction to review the action of the trial court is an

assignment to the effect that the trial court erred in granting a new trial. Such assignment will be considered in connection with the specifications upon which the trial court acted.

[4, 5] Appellant contends that the trial court was without jurisdiction to grant the new trial because of the matters set forth in his objections to the granting of the motion for new trial, which objections we have quoted above. There is no merit in this contention. A person does not lose a right to move for a new trial simply because there is no stay of proceedings or because a stay granted has expired. A stay of proceedings is quite a different thing from an order fixing or extending time within which to move for new trial. There is nothing in the record to show but that the motion was made in due time; and the affidavit presented in connection with the motion to amend the notice of intention presented a sufficient ground both for an order excusing delay in making the motion, if there had been delay, and for the order allowing the amendment of the notice of intention. The plaintiff, through no error or neglect on his part, had not been able to procure a transcript of the evidence, and, in order to move for a new trial before the judgment became final, he was compelled to move on the minutes of the court instead of upon a settled record.

[6] Appellant contends that the order granting the new trial "is fatally defective * * * in that it does not specify upon what ground a new trial was granted." Rule 30 governing trial courts of record provides:

"The trial court, when granting a motion for new trial, shall, in its order, specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial court."

The order before us in no manner, directly or indirectly, advises us of the ground upon which it is based. It purports to grant the motion, and yet, under the above rule, we would be bound to treat every ground of the motion as overruled. The record before us clearly discloses the importance—even the necessity—of this rule. Without it, both the litigants, and, in case of appeal, this court, are entirely at sea as to the views of the trial court. It may well be that in this very case the trial court

deemed but one ground for the motion well founded. An earnest endeavor on the part of trial courts to comply with this rule by setting forth those grounds, and only those grounds, upon which their actions are based, will save litigants much needless expense and will both promote and expedite justice. If the trial court in fact based its order on insufficiency of evidence, the record on appeal needed to contain none of the affidavits presented in support of other grounds. If the order was based on misconduct of the jury and had so recited, appellant would have been saved the expense of a transcript of the evidence, the trouble of procuring a settled record, and much of the work and expense of preparing his brief.

[7] Undoubtedly the trial court was of the opinion that respondent was entitled to a new trial, and great injustice might be done respondent if this court, because of the failure of the trial court to comply with the above-mentioned rule, should reverse the order appealed from. We shall therefore assume that the omission on the part of the trial court was the result of inadvertence; and we shall retain jurisdiction herein and shall issue an order directing the trial court to issue, nunc pro tunc, as of the date of its former order, a new order wherein it shall specify the ground or grounds of such order. When such order has been entered it will be transmitted to this court and replace the defective order.

[8] One of the grounds upon which the new trial was sought was, as above noted, insufficiency of the evidence to support the verdict. Appellant, in his so-called "assignments of error," states that the notice of intention did not sufficiently specify the particulars wherein the moving party claimed said evidence to be insufficient; but he does not contend but that there were sufficient specifications of particulars in the amended notice of intention. He does claim that such specifications are "wholly incorrect" in that there was, in the several particulars specified, no insufficiency of evidence to support the verdict. Under this record there would be presented the question of the sufficiency of the evidence to support the verdict; but this question could not be reviewed in this court, unless the printed record contained an abstract of the evidence together with a statement that such abstract contains all the evidence material to the questions presented

by the appeal. The printed record now before us contains no abstract of the testimony given. It is therefore clear that, if the order granting a new trial was based on insufficiency of the evidence, the appellant must of necessity prepare a new brief, and may need to in any case. He will be given 30 days after the filing in this court of the new order in which to serve and file new briefs if he desires so to do. Respondent shall pay to appellant as terms for right to be heard in this court the sum of $50. If same is not paid within 30 days from service on him of this court's order herein, his brief, now on file in this court, will be stricken from the files. If such terms are paid and appellant shall serve and file a new brief herein, respondent, if he so desires, may, within 30 days after service of appellant's brief, serve and file a new brief.

McCOY, J., takes no part herein.