SULLY, Appellant, v. EGAN, Sheriff, Respondent.

(211 N. W. 803.)

(File No. 5967.   Opinion filed January 28, 1927.)

1.  **New Trial—Party, Giving Notice of Intention to Move for New Trial Because of Insufficiency of Evidence, or Error in Law, Must Elect Whether to Proceed on Settled Record or Minutes of Court (Rev. Code 1919, § 2555, Subds. 6, 7, and § 2556).**

    Party, giving notice of intention to move for new trial because of insufficiency of evidence to justify verdict, or for error in law occurring at trial, under Rev. Code 1919, § 2555, subds. 6, 7, must elect whether he will proceed on settled record or minutes of court, in view of section 2556.

2.  **Appeal and Error—Notice of Intention to Move for New Trial, Based on Minutes of Court, Containing No Specifications of Errors, Confers No Jurisdiction on Supreme Court to Review Alleged Errors (Rev. Code 1919, §2555, Subds. 6, 7, and §§ 2556, 2557, Subd. 3).**

    Notice of intention to move for new trial, based on minutes of court, which did not specify particulars in which evidence was alleged to be insufficient or particular errors on which party would rely, conferred no jurisdiction upon Supreme Court

to review insufficiency of evidence or alleged errors, in view of Rev. Code 1919, § 2555, subds. 6, 7, and sections 2556, 2557, subd. 3.

3. **Appeal and Error—Court Rules—Where Assignments Did Not Disclose Wherein Alleged Errors Were Prejudicial to Appellant, They Could Not Be Considered on Appeal (Rules of Court, Rule No. 4).**

    Where assignments relating to alleged errors occurring at trial and excepted to by appellant did not disclose, as required by Rules of Court, rule No. 4, wherein alleged errors were prejudicial to appellant, assignments of error could not be considered by Supreme Court.

4. **Appeal and Error—Supreme Court Should Not Disturb Verdict on Conflicting Evidence.**

    Where evidence is conflicting, Supreme Court should not disturb jury's verdict thereon.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, New trial, Key-No. 137, 29 Cyc. 938; **(2)** Appeal and error, Key-No. 28(1), 3 C. J. Sec. 863; **(3)** Appeal and error, Key-No. 724(1), 3 C. J. Sec. 1504; **(4)** Appeal and error, Key-No. 1002, 4 C. J. Sec. 2836.

Appeal from Circuit Court, Lyman County; Hon. N. D. Burch, Judge.

Action by Ellen Sully against E. M. Egan, as Sheriff of Lyman County and individually. From the judgment and an order overruling plaintiff's motion for new trial, plaintiff appeals. Judgment and order affirmed.

*P. A. Hosford,* of Winner, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

MISER, C. Appellant, in her notice of intention to move for a new trial, gives as reasons therefor the causes contained in subdivisions 1, 2, 4, 6, and 7, § 2555, Rev. Code 1919, but does not clearly designate whether the same will be upon affidavits, the minutes of the court, or a settled record, as required by section 2557. Inasmuch as, under section 2556, applications for new trials for the causes specified in the first, second, and fourth subdivisions must be upon affidavits, and inasmuch as there are no affidavits presented in this case, it is obvious that appellant has not only abandoned the causes contained in those three subdivisions, but

also that she does not intend to base her motion for new trial on affidavits. This leaves for consideration the causes contained in the sixth and seventh subdivisions, if not thereafter abandoned. Under section 2556, one applying for a new trial for either of these causes, namely, insufficiency of the evidence to justify the verdict and that it is against law, or error in law occurring at the trial and excepted to by the party making the application, may base his application either upon a settled record or upon the minutes of the court. Neither in the notice of intention nor in the notice of motion does appellant use the words "settled record," but in each of said notices uses the phrase "minutes of the court." Yet it might be contended that appellant's intention to rely upon the settled record might be inferred from the following language in her notice of intention:

"The said motion will be based upon all of the files and records in this action, said specifications of errors, specifications of particulars, and transcript of the trial court's proceedings, all of which will hereafter be served upon you and upon the minutes of the court."

[1] But not only does section 2556 require that appellant exercise her option of basing her motion either upon a settled record or upon the minutes of the court, but this court has held, in Thompson v. Chicago, M. & St. P. Ry. Co., 26 S. D. 296, 128 N. W. 809, that the party giving notice of intention must elect whether he will proceed upon settled record or the minutes of the court. That appellant did so elect in this case to proceed upon the minutes of the court is shown by the fact that, though she thereafter did have the record settled, the record was not settled until 25 days after the motion for new trial had been denied, and in the order overruling the motion for a new trial, the settled record is not referred to, and the minutes of the court are referred to in substantially the language above quoted from the notice of intention. It was therefore appellant's intent to bring herself within subdivision 3, § 2557. This, so far as material to the present inquiry, is as follows:

"When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of intention must specify the particulars in which the evidence is alleged

to be insufficient; and, if the ground of the motion be errors in law occurring at the trial and excepted to by the moving party, the notice of intention must specify the particular errors upon which the party will rely. If in such case the notice does not contain the specifications herein indicated, the motion must be denied."

[2] Appellant, in her notice of intention, does not comply with the statute last above quoted, unless it be sufficient to use the following language found therein:

"The specifications of particulars, wherein the evidence is insufficient to justify the verdict, will be hereafter served, upon you, together with the specifications of errors and the other motion papers, and said specifications of particulars is hereby specifically referred to and made a part hereof by reference."

But not only does section 2557, above quoted, require that notice of intention specify the particulars in which the evidence is alleged to be insufficient and specify the particular errors upon which the party will rely, but this court has repeatedly declared that these specifications must appear in the notice of intention, and that a notice of intention to move for a new trial based upon the minutes of the court, which notice of intention does not contain such specifications, confers no jurisdiction upon this court to review the insufficiency of the evidence or the alleged errors. Sherwood v. Hill, 40 S. D. 69, 166 N. W. 228; Regan v. Whittaker, 14 S. D. 373, 85 N. W. 863; Narregang v. Brown County, 14 S. D. 357, 85 N. W. 602; Wolf v. Sneve, 23 S. D. 260, 121 N. W. 781; Hermon v. Silver, 15 S. D. 476, 90 N. W. 141; Frank v. Ruzicka, 45 S. D. 49, 185 N. W. 372. Appellant cites us to no case where this statutory requirement has been, by this court, permitted to be relaxed.

[3] Furthermore, appellant has also violated rule 4 of the Rules of Court, and particularly the following portion thereof:

"An assignment of error need follow no stated form, but must point out the error complained of and the grounds upon which claim of error is based, and must clearly point out wherein the alleged error was prejudicial to appellant."

In the case at bar, appellant presents 21 assignments of error, of which the first 19 relate to alleged errors of law occurring at the trial and excepted to by appellant, but they nowhere disclose, as the above-quoted portion of rule 4 requires, wherein the alleged

4—Vol. 51, S. D.

error was prejudicial to appellant. This court, in the case of Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923, fully explained this rule and the necessity therefor, and that case was preceded and has been followed by a long list of cases which hold that it is incumbent upon the appellant to clearly point out wherein the alleged error was prejudicial, before the court can be called upon to consider the same, so that, as to the errors of law assigned by appellant, they were neither specified in the notice of intention, as is required by statute and by rule, nor did appellant comply with the requirements of rule 4 in his assignments of error based thereon, and this court, in justice to respondent, as well as to the trial court, which denied the motion for a new trial, must refuse to consider those assignments of error.

[4] But assuming that there does yet remain for determination the error assigned in overruling and denying appellant's motion for a new trial upon the ground that the evidence was insufficient to sustain a verdict, what does the record show? The evidence was submitted to a jury under proper instructions based on issues tendered by the pleadings, which made it incumbent upon appellant to prove her right to possession of the cattle sought to be replevined. The evidence was conflicting. The jury found for the defendant and against appellant upon those issues. Under the well-settled rule, we should not disturb that verdict. The order of the trial court was clearly proper.

The judgment and order appealed from should be and are affirmed.

BURCH, J., disqualified and not sitting.