STOKES, Respondent, v. RABENBERG et al, Appellants.

(215 N. W. 492.)

(File No. 6402.   Opinion filed October 11, 1927.)

1. New Trial—On Giving Notice of Intention to Move for New Trial, Party Should Elect Whether He Will Move on Settled Record, Affidavits, or Minutes of Court (Rev. Code 1919, § 2557).

Under Rev. Code 1919, § 2557, a party on giving his notice of intention to move for new trial should elect whether he will move on settled record, affidavits, or minutes of the court.

2. New Trial—Jurisdiction Conferred by Notice of Intention to Move for New Trial Timely Served May Be Waived.

Jurisdiction conferred by notice of intention to move for new trial timely served is jurisdiction over person, not of subject-matter, and can be waived.

3. New Trial—Time in Which Notice of Intention to Move for New Trial Must Be Served Is "Statute of Limitation," Subject to Waiver.

Time in which notice of intention to move for new trial must be served is a "statute of limitation," which can be waived.

4. Appeal and Error—New Trial—Respondent Held to Have Waived Timely Service of Notice of Intention to Move for New Trial, so that Appeal Was Not Subject to Dismissal.

Respondent, by appearing generally and participating in proceedings on motion for new trial and asking that order be made denying motion for new trial, waived timely service of notice of intention to move for new trial, and his motion to dismiss appeal on that ground had to be denied.

---

Note.—See, Headnote (1), American Key-Numbered Digest, New Trial, Key-No. 137, 29 Cyc. 938; (2), (4) New Trial, Key-No. 139,

Appeal and Error, Key-No. 783(2), 4 C. J. Sec. 2391; New Trial, Key-No. 139, 29 Cyc. 941 (Anno.).

As to necessity of notice of intention to move for new trial, see 20 R. C. L. 304; 4 R. C. L. Supp. 1353.

On the matter of notice of intention, its purpose and requisites, see Bancroft's Code Practice and Remedies, Vol. 7, pg. 8057.

Appeal from Circuit Court, Marshall County; Hon. Robert B. Gardner, Judge.

Action by Guy L. Stokes against Henry J. Rabenberg and another. From the judgment, defendants appeal. On motion to dismiss appeal. Motion denied.

*Harold W. King* and *Otto L. Kaas,* both of Britton, for Appellants.

*Max Stokes* and *L. T. Van Slyke,* both of Aberdeen, for Respondent.

BURCH, J. This cause is before us at this time on a motion to dismiss the appeal brought on by order to show cause.

Respondent urges several grounds for the dismissal, chief of which is the failure of appellant to give timely notice of intention to move for a new trial. The cause was tried to the court and decision made and filed on February 20, 1926. On the same day appellant was served with notice of the rendition and filing of the decision. Numerous orders staying proceedings were made, but no order was made extending the time for service of the notice of intention or to do any other act. If any notice of intention was ever served it was long after the 20 days limited by statute for the giving of such notice, and it is claimed that the notice that was attempted to be given was not only too late, but was also insufficient in form in that it did not state whether the motion for new trial would be based upon a settled record, affidavits, or minutes of the court.

[1] This court has heretofore decided that a party on giving his notice of intention should elect whether he will move on the settled record, affidavits, or minutes of the court (Sully v. Egan, 51 S. D. 46, 211 N. W. 803; Thompson v. C., M. & St. P. R. Co., 26 S. D. 296, 128 N. W. 809), and such is the plain requirement of section 2557, R. C. 1919.

Unless there has been a waiver of the notice of intention by respondent, it is apparent the court had no jurisdiction to either

grant or deny a new trial or to hear the motion under the holdings in two recent cases; namely, Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, and First Nat. Bank v. Wollman et al., 51 S. D. 257, 213 N. W. 15. In Fuller v. Anderson, respondent did not participate in the proceedings on the motion for new trial, but appeared specially and objected to the jurisdiction of the court; in First Nat. Bank v. Wollman, respondent made no appearance at the hearing of such motion, consequently no question of waiver was involved in either case. In the case at bar respondent appeared generally and participated in the proceedings on the motion. True, he pointed out failure to give timely notice of intention, formal defects in such notice, and other claimed jurisdictional matters in an affidavit, but he did not challenge the jurisdiction of the court to act. On the contrary, he asked "that an order be made denying defendants' motion for new trial," resisted the motion on its merits, and obtained an order reciting, in part, as follows:

"And it appearing that the evidence was sufficient to sustain the findings of fact, conclusions of law, and judgment, and that said findings of fact, conclusions of law, and judgment are not against the law, and that no errors of law occurred at the trial, it is, on motion of attorneys for the plaintiff, ordered that the application and motion for new trial herein by defendants is hereby denied,"

—and the order so entered was served on appellant by respondent. Thus it appears that the order was made on the application of respondent, and the court found in his favor on the merits; that the evidence was sufficient to sustain the findings and conclusions; that the judgment is not against the law; and that there were no errors of law occurring at the trial. From this order the appeal is taken. Respondent specifically invoked the jurisdiction of the court to pass on the questions now sought to be reviewed. He now says those questions cannot be reviewed because the court had no jurisdiction.

[2-4] The jurisdiction conferred by a notice of intention timely served is jurisdiction over the person, not of the subject-matter, and can be waived. The time in which such notice must be served is a statute of limitations subject to waiver. As far back as the case of MacGregor v. Pierce et al, 17 S. D. 51, 95 N. W. 281, the principle of waiver of notice of intention is indicated,

although in that case the facts did not support a presumption of waiver. After the appeal was taken in the case at bar, respondent stipulated for time in which to file his brief. By his acts respondent must be held to have waived the service of a notice of intention, and his motion to dismiss this appeal must be denied unless for some other cause urged in his motion.

The other reasons urged for a dismissal relate to the time and manner of settling the record, the sufficiency of the assignments, the manner of preparation of the brief, and a compliance with the rules of court. We think these matters ought not now to be considered, but should await determination of this appeal on the merits. Respondent's motion is denied, and he is given 30 days from and after the filing of this opinion in which to file his brief.

CAMPBELL, P. J., and POLLEY, J., concur.
GATES and SHERWOOD, JJ., not sitting.