MOSS, Respondent, v. KAUMP, Appellant.

(274 N. W. 120)

(File No. 8020. Opinion filed June 22, 1937)

*C. E. Noel,* of Highmore, for Appellant.

*M. Harry O'Brien,* of Highmore, for Respondent.

SMITH, J. On appeal from an order of the trial court granting a new trial, defendant asserts that the trial court was without jurisdiction to hear the motion.

Plaintiff claimed the delivery of certain property in the possession of the defendant. The verdict of the jury was entered June 17, 1936. After judgment on the verdict, and on the 26th day of June, A. D. 1936, plaintiff served a notice of intention to move for a new trial, assigning several of the statutory grounds, including the ground of insufficiency of the evidence to justify the verdict. By this notice of intention, plaintiff elected to base his motion for a new trial upon a settled record, and therefore failed to insert therein such specifications of the particulars, wherein the evidence was claimed to be insufficient to justify the verdict as is required under section 2557, R. C. 1919, in case of election to base such a motion on the minutes of the court. Thereafter, on August 3, 1936, and prior to the presentation of any motion for a new trial, the court entered an ex parte order reciting the desire of plaintiff to make a motion for new trial upon the minutes of the court and stating that the court deemed the ends of justice would be served by permitting him so to do. Following these recitals, the court used the following words:

"* * * Ordered that the time in which the Plaintiff may serve a notice of intention to move for a new trial be extended to the 26th day of August, 1936."

This order was issued upon application of plaintiff, and upon the affidavit of plaintiff's attorney in which the following language appears: "* * * that the plaintiff desires to present to the Court a motion for a new trial upon the minutes of the Court upon the grounds that the evidence is insufficient to sustain the verdict;

that affiant has procured a copy of the Defendant's testimony in this cause; that his evidence and testimony is all of the evidence offered by him in support of his claim of ownership of the property involved herein, which consisted of two old ewe sheep, six yearling ewe sheep and one spring lamb; that it is affiant's contention and opinion that the Defendant wholly failed to in any manner show ownership in him to one of the old ewes, and three yearling ewe sheep, confining his testimony to three yearling ewe sheep, one of which was awarded to Plaintiff by the verdict, and one of the old ewes; that the ends of justice will be better met if the Plaintiff be permitted to present to the Court his motion for a new trial upon the minutes of the court. * * *"

On August 12, 1936, respondent served a notice of intention stating several of the statutory grounds, including insufficiency of the evidence to justify the verdict. In this notice of intention, respondent included specifications of insufficiency of the evidence and stated that his motion for a new trial would be made upon "* * * the minutes of the court, and a transcript of the testimony of the Defendant Frank Kaump, and 'the stenographer's notes of the testimony received in evidence herein, and the rulings of the Court, and upon the verdict returned by the jury," etc. On August 15, 1936, a motion for a new trial and order to show cause bringing the same on for hearing on August 26, 1936, were served upon defendant's attorney.

At the time for hearing on the motion for a new trial, defendant appeared specially and objected to the jurisdiction of the court to hear plaintiff's motion on the grounds that the notice of intention served on June 26, 1936, failed to specify the particulars wherein the evidence was insufficient to support the verdict ,and that the subsequent notice of intention dated August 12, 1936, was not timely served in that the order of the court attempting to extend the time in which to serve a new notice of intention to move for a new trial was made without jurisdiction. The court overruled the objections of appellant, and thereafter entered its order granting a new trial upon the ground of insufficiency of the evidence to support and sustain the verdict of the jury. During the lapse of time between the service of the first notice of intention and the hearing on the motion for a new trial, the court entered

ex parte stay orders in which it was purported to extend the time "* * * in which the Plaintiff may settle the record and make his motion for a new trial."

That the timely service of a notice of intention is a condition precedent to the jurisdiction of the trial court to entertain the motion for a new trial has been established by this court. Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992. We have also held, in construing section 2556, R. C. 1919, that one intending to make a motion for a new trial must elect whether he will proceed upon a settled record or upon the minutes of the court. Thompson v. Chicago, M. & St. P. Ry. Co., 26 S. D. 296, 128 N. W. 809; Sully v. Egan, 51 S. D. 46, 211 N. W. 803; Stokes v. Rabenburg et al., 51 S. D. 493, 215 N. W. 492. The power of the trial court to permit amendment of a notice of intention is well established. Frank v. Ruzicka, 45 S. D. 49, 185 N. W. 371; Bunker v. Taylor et al., 10 S. D. 526, 74 N. W. 450.

In the instant case, a notice of intention to move for a new trial was served within twenty days after the entry of the verdict, as required by section 2557, R. C. 1919. Thereafter, the court had jurisdiction of the subject matter and of the parties. By this notice of intention, it is true respondent elected to proceed upon a settled record. However, prior to the service of a motion for a new trial and to the hearing thereon, the court entered its order permitting respondent to make a motion upon the minutes of the court, while the literal permission granted by the order of August 3, 1936, is to "serve a notice of intention," when the whole order including its recitations is considered, it is obvious that its intent and legal effect was to permit an amendment of the original notice of intention so as to conform it to the procedural requirements of a notice of intention to move for a new trial upon the ground of the insufficiency of the evidence on the minutes of the court. The contentions of defendant are predicated upon the assumption that this order must be literally construed as an order made under section 2559, R. C. 1919, for the purpose of fixing another time in which a notice of intention might be served after plaintiff had permitted the statutory time for such service to lapse. We are convinced that defendant erred in this assumption. The ends of justice require that this order be construed according to its intent and

legal effect. That the discretion of the court to permit amendment should be liberally exercised for the purpose of doing justice is too well established to require the citation of authority. We can find neither authority nor logical reason for restraining the hand of the court in exercising such an amendatory authority in connection with a notice of intention so as to relieve a party from his election to proceed by a settled record and to permit him to proceed upon the minutes of the court. An election is essential at the outset because the law does not contemplate the use of both a settled record and the minutes of the court as a basis upon which to present a motion for a new trial, and court and counsel are entitled to know the method the adverse party intends to pursue so as to perform their respective functions in safeguarding the record. However, in view of the fact that the matter rests in the hands of the trial court, subject to the control of its sound and legal discretion, we feel that it is entirely proper to permit a change of course if the circumstances show that such a change would be promotive of the ends of justice, and counsel acts in good faith and without undue delay. In the instant case, the record shows that plaintiff acted in the utmost good faith. No undue delay was occasioned. The cost of settling a record might well have exceeded the value of the property involved. Appellant does not assert that he suffered prejudice. If the showing made by plaintiff be true, and defendant does not purport to show that it is untrue, the court exercised a sound, legal, and commendable, discretion.

■ Appellant contends, however, that the order of August 3, which we have construed as an order permitting an amendment, was made ex parte and was therefore invalid. This contention of appellant is based upon the authority of the late holdings of this court following the case of Fuller v. Anderson, supra, dealing with ex parte orders of a court purporting to "fix a new time" under section 2559, R. C. 1919. The authority of the court to permit amendments does not flow from section 2559, supra, but is based upon the authority granted to the court by section 2378, R. C. 1919. We are not now convinced of the wisdom of extending the rule of Fuller v. Anderson dealing with ex parte orders, made under section 2559, R. C. 1919, "upon good cause" to orders allowing amendments. The order in the instant case was made in a proceed-

ing where the court had jurisdiction of the parties and the subject matter. The exercise of a sound discretion promotive of the ends of justice prompted the court to make and enter the order. If appellant deemed himself prejudiced thereby, he could have made application to the court to vacate and set the order aside. The order was irregularly made, but it was not void, and it was not erroneous. Warder et al. v. Patterson et al., 6 Dak. 83, 50 N. W. 484.

■] Based on an erroneous interpretation of the order dated August 3, 1936, the briefs contain much discussion with reference to power of the court to fix a new time. It is unnecessary for us to enter upon a full discussion of those contentions. We content ourselves with calling attention to the fact that plaintiff had served a timely notice of intention and had ordered a transcript which had not been delivered. Under such circumstances, so long as he pursued the course elected, and was waiting for the transcript, no obligation rested upon him to have a new time fixed for any purpose. Cf. Lipsey et al. v. Crosser et al., 62 S. D. 160, 252 N. W. 23. Before it became necessary for him to serve and file a transcript, the court permitted the service of the amended notice of intention.

The order of the trial court may be, and it is, hereby affirmed. All the Judges concur.