WOLF, Appellant, v. GRAMM, Respondent.

(141 N. W. 393.)

**Appeal—Questions Reviewable—Imperfect Settled Record—Affirmance.**

Where all questions raised by appellant depend for solution upon all the evidence, a settled record appearing by certificate of trial judge to contain but part of the case and testimony, no errors are properly before this Court, and judgment will be affirmed.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by J. H. Wolf against George Jacob Gramm. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Emil J. Woerth,* for Appellant.

*Brown & Brown,* for Respondent.

We would call the attention of this court specifically to the trial court's certificate to the statement of the case. Although, as we have stated, this statement of the case as rewritten or engrossed was never shown to defendant or his counsel, and we never saw it until after the printed abstract was served on us on this appeal, yet since that time, we have read the Judge's certificate to the said statement, and find that the judge expressly interlined in his own hand-writing in the certificate words certifying that the engrossed statement was only a statement of a part of the case, and contained only a part of the testimony and evidence introduced at the trial. The court's denial, therefore, of plaintiff's motion to strike from the record all the evidence introduced by defendant under paragraphs 5, 6 and 7 of the amended answer can clearly not be considered where neither the statement nor the abstract contains the evidence sought to be stricken out.

As with all the other errors assigned on this appeal, the assignment that the court erred in directing a verdict for the defendant, is not before the court for review, because the evidence on which the court below acted is not brought into the record.

The action of the trial court in granting or denying a motion for a directed verdict cannot be considered on appeal, if the evidence is not all set out in the abstract. Murphy v. Foster, 109 N. W. 216, (N. D.) ; Edson v. Poppe, 24 S. D. 466.

The sufficiency of the evidence to justify a verdict will not be reviewed where the record does not affirmatively show that it contains all the evidence. Schmidt v. Beiseker, 120 N. W. 1096 (N. D.) ; State v. Allen, 21 S. D. 121; Goose River Bank v. Gilmore, 54 N. W. 1033 (N. D.).

GATES, J. All of the questions raised by the appellant depend for their solution upon a settled record which contains all of the evidence in the case. Dole v. Burleigh, 1 Dak. 227, 46 N. W. 692; St. Croix Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497. Furthermore, documents are appended to the record which are not incorporated in the settled record. Murphy v. Foster, 15 N. D. 556, 109 N. W. 216. The certificate of the trial judge shows that the purported record is only a statement of a part of the case, and contains only a part of the testimony introduced at the trial.

The brief of respondent, which was served upon appellant's counsel on October 15, 1912, specially urges the imperfect condition of the record as grounds of objection to our consideration of this case on appeal.

None of the errors complained of being properly before this court, the judgment and order denying a new trial must be affirmed, and it is so ordered.