BROWN, Appellant, v. ZIMMERMAN, Respondent

(293 N. W. 881.)

(File Nos. 8313 and 8337. Opinion filed September 13, 1940.)
Rehearing Denied October 22, 1940.

**W. M. Potts,** of Mobridge, and **Sterling & Clark,** of Redfield, for Appellant.

**Morrison & Skaug,** of Mobridge, for Respondent.

PER CURIAM. Plaintiff A. H. Brown brought an action in claim and delivery against Jacob Zimmerman to recover possession of certain livestock and farm machinery. Defendant Zimmerman then brought a separate action for an accounting. The two cases were consolidated, and upon trial the court found that plaintiff was the owner and entitled to possession of certain personal property and that defendant Zimmerman was entitled to money judgment upon the accounting. Plaintiff Brown appeals from the portion of the judgment adverse to him and from an order overruling motion for new trial.

Plaintiff in his notice of intention to move for new trial gives as reasons therefor the causes stated in subdivisions 3, 4, 6, and 7, § 2555, Rev. Code 1919. The notice states that the motion for new trial will be made "upon affidavits and upon the minutes of the court" and specifies certain particulars in which the evidence is alleged to be insufficient.

Plaintiff secured a partial transcript containing evidence received upon the trial relating only to a portion of the items of the account. A certificate of the judge appended to the transcript, pleadings, findings, judgment, exhibits and other papers filed in the action recites that a "partial transcript of the evidence as corrected by the Court and which transcript is hereby certified as constituting a full, true, correct transcript of the evidence received and rejected pertaining to the matters therein set forth; that said transcript does not contain all the material evidence received upon the trial, but does contain all the evidence received relating to the items purporting to be covered therein, as shown by the reporter's certificate." Motion for new trial was denied.

█ Appellant challenges the sufficiency of the evidence to sustain findings adverse to him. Respondent contends that when the question of the sufficiency of the evidence to sustain the decision of the court is involved, the appellant must proceed upon a settled record, and that there must be attached to the record a certificate of the trial court to the effect that the record contains all the material evidence received upon the trial. Section 2557, Rev. Code 1919, required that a party giving notice of intention to move for new trial because of insufficiency of the evidence to justify the decision of the court must elect whether he will proceed on a settled record or the minutes of the court and give notice of such election. Thompson v. Chicago, M. & St. P. Ry. Co., 26 S. D. 296, 128 N. W. 809; Sully v. Egan, 51 S. D. 46, 211 N. W. 803. Section 2550, Rev. Code 1919, provided that whenever a party specifies as error the insufficiency of the evidence to support a finding or other decision he shall see that all the material evidence is incorporated into the settled record and that the clerk must procure from the trial judge and attach to the record a certificate of the court that the record contains all the material evidence received upon the trial. The certificate of the trial court recites that the record does not contain all the material evidence received upon the trial.

██ Under the present practice it is not necessary to procure a transcript and have the record settled for the pur-

pose of having the evidence considered on a motion for new trial. SDC 33.1603. Reference may be had on a motion for new trial to the shorthand report of the evidence. SDC 33.1606. Whether this was permissible prior to the enactment of South Dakota Code of 1939, we need not determine. If the statutes then in effect be construed as permitting consideration of the evidence on motion for new trial by reference to the shorthand report of the evidence and without a transcript of all the material evidence and a formal settlement of the record; the burden, nevertheless, rested upon the party desiring to appeal to this Court and secure a review of the sufficiency of the evidence to comply with the provisions of Section 2550 Rev. Code 1919. Cf. St. Croix Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497; Wolf v. Gramm, 31 S. D. 458, 141 N. W. 393.

The judgment and order appealed from are affirmed.

All the Judges concur, except POLLEY, J., not sitting.